UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

DISTRICT COURT, U.S. DISTRICT OF R.I.

CRAIG C. PRICE
V.
ASHBEL T. WALL II, et. al.

C.A. No. 05-389 S

**MOTION FOR**
***TEMPORARY RESTRAINING ORDER***
**AND PRELIMINARY INJUNCTION**

Now comes the plaintiff, Craig C. Price, in the above entitled matter, and pursuant to Rule 65 (a), Fed. R. Civ. Procedure, and prays that for reasons stated in the plaintiff's affidavit and memorandum of law in support of a temporary restraining order and preliminary injunction, that this honorable court will grant the plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction in the above captioned matter.

: 12 / 7 / 2005

Craig C. Price
Mr. Craig C. Price, 126556
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida
33955

Respectfully Submitted: Craig C. Price
Mr. Craig C. Price, #126556
Florida State Prison
7819 N.W. 228th Street
Raiford, FLA., 32026-1200

***CERTIFICATION***

I hereby certify that a true copy of the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, was mailed to R.I.D.O.C. Sr. Legal Counsel Attorney Patricia Coyne-Fague, at 40 Howard Avenue, Cranston, Rhode Island, 02920, on this 7th day of December, 2005.

NEW MAILING ADDRESS For PLAINTIFF

Craig C. Price

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

DISTRICT COURT, U.S. · DISTRICT OF R.I.

CRAIG C. PRICE

V.

ASHBEL T. WALL II, et. al.

C.A. No. 05-389 S

****Memorandum of Law****
****In Support of Motion****
*****For Temporary Restraining Order*****
******And Preliminary Injunction******

## STATEMENT OF THE CASE

This is a Civil rights action brought under 42 U.S.C. 1983 by a state prisoner, alleging retaliation and retalitory transfer for engaging in constitutionally protected conduct of filing Complaint/Motion to Compel against Rhode Island Department of Corrections for purposes of Court ordered rehabilitation to receive best psychological and psychiatric treatment.

The Plaintiff seeks a temporary restraining order and a preliminary injunction to ensure that he is transferred back to the state of Rhode Island.

## STATEMENT OF FACTS

As stated in the declaration submitted with this motion, the plaintiff was retaliated upon by Rhode Island Department of Corrections officials for exercising his First Amendment right, and that plaintiff was sent out-of-state (via Interstate Compact), and placed on a restricted Close Management Segregation Status in the state of Florida in the Florida State Prison, without adequate rehabilitation and court ordered treatment.

The defendants against whom relief is sought are, respectively, the Director of the Rhode Island Department of Corrections, whose duties involve the responsibility of making all final approvals of any and all classification decisions involving plaintiff's housing and classification, including approvals and orchestration of plaintiff being transferred to and from any state the state of Rhode Island has entered into a Interstate Compact agreement with involving plaintiff. The Assistant Director of the Rhode Island Department of Corrections, whose duties involve the responsibility of reviewing and approving any and all classification decisions for

the plaintiff whose been designated a Special Risk Group Member, including any and all classification reviewals and approvals involving housing, status, and the orchestration of any and all Out-of-State transfers that pertain to transferring plaintiff to and from any state the state of Rhode Island has entered into a Interstate Compact Agreement with involving plaintiff. And the Associate Director of Classification of the Rhode Island Department of Corrections, whose duties and responsibilities involve Reviewing, facilitating, and orchestrating, any and all classification decisions involving plaintiff's housing, classification, and plaintiff's transfer to and from any state the Rhode Island Department of Corrections has entered into a Interstate Compact agreement with that involve the plaintiff.

Together, defendants Wall, Gadsen, and DiNitto have the responsibility of orchestrating, facilitating, planning, and approving, the means inwhich plaintiff is transferred to and from any state the Rhode Island Department of Corrections has entered into a Interstate Compact agreement with that involve the plaintiff.

## **ARGUMENT**

### THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION:

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction courts generally consider several factors: "whether the party will suffer irreparable injury", the "balance of hardship between the parties", the "likelihood of success on the merits," and "the public interest." Each of these factors favors the grant of this motion.

A) The Plaintiff is threatened with irreparable harm:

The plaintiff alleges that he has been retaliated upon by prison officials for exercising his First Amendment Right to petition the Courts.

Such conduct by prison officials has been held

by many courts as conduct that violates the First Amendment. (See Davis V. Goord 320 F.3d 346 (2003); Bennett V. Goord 345 F.3d 1133 (2003); Hines V. Gomez 108 F.3d 265, 269 (1997); Pratt V. Rowland 65 F.3d 802, 808, (1995); Bruce V. Ylst 351 F.3d 1283 (2003).

As a matter of law the continuing deprivation of constitutional rights constitutes irreparable harm, Elrod v. Burns 427 U.S. 347, 373, 96 S.Ct. 2673 (1976). This principle has been applied in prison litigation generally, See Newsom V. Norris 888 F.2d 371, 378 (6th Cir. 1989); Mitchell V. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984); Albro V. County of Onondaga, N.Y. 627 F.supp. 1280, 1287, (N.D.N.Y. 1986); Williams V. Lane, 646 F.Supp. 1379, 1409 (N.D. ILL. 1986, aff'd, 851 F.2d 867 (7th Cir. 1988), cert. denied, 109 S.Ct. 879 (1989).

B.) <u>The balance of hardships favors the plaintiff:</u>

In deciding whether to grant T.R.O.s and Preliminary Injunctions, courts ask whether the suffering of the moving party if the motion is denied, will outweigh the suffering of the non-moving party if the motion is granted. See, e.g. Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984) (holding that dangers posed by prison crowding outweighed states financial and administrative concerns); Duran V. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986) (holding that prisoner's interest in safety and medical care outweighed states interest in saving money by cutting staff).

In this case, the present harm being suffered by the plaintiff, and the potential future harm to be suffered by the plaintiff, is very significant because of the continual threat it imposes upon the plaintiff being inhibited to exercise a protected right. However, the harm the defendants will experience if the Court grants the order will consist of the transferring of the plaintiff back to the State of Rhode Island, which is something defendants will have to soon do anyway because the plaintiff does have pending litigation in the Rhode Island Supreme Court, as well as the United States District Court for the District of Rhode Island, and

the plaintiff's presence in each one of these courts will be demanded because the plaintiff is Pro-Se in each pending proceedings for litigation.

Furthermore, the plaintiff's case depends in large part on his own testimony, and since the credibility of witnesses will be an issue in this matter, the jury should be allowed to hear the plaintiff testify personally and observe his demeanor. The balance of hardships favors the plaintiff, and the defendants hardships amounts to no-more than a transferring of the plaintiff back to the state of Rhode Island, which in all practicality, is a transfer the defendants would have to orchestrate and carry out anyway in the near future.

C.) <u>The Plaintiff is likely to succeed on the Merits:</u>

The plaintiff has a great likelihood of success on the merits. What defendants have done --"retaliated against plaintiff for exercising his First Amendment Right," was specific conduct the U.S. Supreme Court has singled out as unconstitutional:

> "The reason why such retaliation offends the constitution is that it threatens to inhibit exercise of the protected right."
> (Pickerings 391 U.S. at 574, 88 S.Ct. at 1737-1738)

> "Retaliation is thus akin to an unconstitutional condition demanded for the receipt of a government provided benefit."
> (Perry V. Sindermann 408 U.S. 593 597, 92 S.Ct. 2694, 2697-98)

Many lower courts too have confirmed the unconstitutionality of the same exact retalitory conduct the plaintiff is alleging prison officials are engaging in against him. (See Rauser V. Horn, 241 F.3d 330; Gatson V. Coughlin, 81 F.Supp. 2d 381; Woods V. Smith, 60 F.3d 1161; Cornell V. Woods, 69 F.3d 1383; Sisneros V. Nix 95 F.3d 749; Scott V. Reno, 902 F.Supp. 1190)

In light of the vast case law stated above, including the U.S. Supreme Court language quoted above, the plaintiff respectfully contends, that he has a great likelihood of success on the merits.

D.) The Plaintiff's relief sought will serve the Public Interest:

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law. Duran V. Anaya 642 F. Supp. 510-527 (D.N.M. 1986), ("Respect for law, particularly by officials responsible for the administration of the states correctional system, is in itself a matter of the highest public interest."); See also Llewelyn V. Oakland County Prosecutor's Office, 402 F.Supp. 1379, 1393 (E.D. Mich. 1975) ("the Constitution is the ultimate expression of the public interest.")

The Plaintiff Should Not be required To Post Security:

Usually a litigant who obtains interim injunctive relief is asked to post security Rule 65 (c) Fed. Civ. procedure. However, the plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Orantes-Hernandez V. Smith, 541 F.supp. 351, 385 N.30 (C.D. Cal. 1982); J.L. V. Parham, 412 F.Supp. 112. 140 (D.Ga. 1976), Rev'd on other grounds, 442 U.S. 584, 99 S.Ct. 2493 (1979). In view of the continual threat of retaliation imposed upon the plaintiff by being inhibited to exercise a protected right, the court should grant the relief sought and requested without requiring the posting of security.

CONCLUSION

For the foregoing reasons, the Court should grant the Motion in its entirety.

: 12 / 7 / 2005

Craig C. Price Pro-Se

Craig C. Price 126556 Pro-Se
Florida State Prison
7819 N.W. 228th Street
Raiford, FLA., 32026-1200

Mr. Craig C. Price 126556
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida
33955
← New Mailing Address For Plaintiff