**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRAIG C. PRICE** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-389S** |
| | : | |
| **A.T. WALL, et al.** | : | |

**DEFENDANTS' MOTION TO DISMISS**

Now come the Defendants in the above-entitled matter, by and through their attorney, and for the reasons argued in the accompanying memorandum of law, respectfully request this Court dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, inasmuch as Plaintiff has failed to state a claim upon which relief may be granted.

Respectfully submitted:

Patricia A. Coyne-Fague #5198
40 Howard Avenue
Cranston, RI 02920
401-462-0145/401-462-2583 *fax*

**Certification**

I hereby certify that on the 15th day of December 2005 I sent a true copy of the within document by first-class mail postage pre-paid to: Craig C. Price, Charlotte Correctional Institution 33123 Oil Well Road Punta Gorda, Florida 33655.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRAIG C. PRICE** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-389S** |
| | : | |
| **A.T. WALL, et al.** | : | |

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Now come the Defendants in the above-entitled matter, by and through their attorney, and hereby move this Honorable Court to dismiss this action pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. As argued below, Plaintiff has failed to state a claim upon which relief may be granted. The Defendants respectfully request that this matter be dismissed.

I. Facts and Travel

Plaintiff Craig Price has filed the instant lawsuit, claiming that his transfer to a prison system in Florida was accomplished in retaliation for his exercise of his First Amendment rights. In August, 2003, Price, through his attorney, filed in Rhode Island Family Court a "Motion to Compel" the Department of Corrections to provide him with mental health treatment and rehabilitative programming. During the course of the litigation, the Department of Corrections agreed to permit Price to voluntarily transfer to another state's prison system.[1] The Department's position was that Price's opportunity to be placed in general population was stymied by his notoriety, and that his rehabilitative

---

[1] Price had for years repeatedly made requests to both the current and prior Director of Corrections to permit him to serve his sentence in another state. Those requests had been denied.

goals would be better addressed in a system where he was less well-known.[2] In June, 2004, Price agreed, with the advice and consent of his attorney, to dismiss the Motion to Compel and be voluntarily transferred outside the State of Rhode Island. While Price indicated a preference for certain states, or the Federal system, no promises were made that he would be transferred to any particular state or to the Federal system, as the Department did not know which, if any, systems would be willing to accept him as a transfer, and in any event the Department certainly could not bind another state or the Federal government in a settlement agreement with Price. Moreover, the Department was cognizant of the fact that Price had been a difficult inmate to manage, having committed serious physical assaults against correctional staff in the past, and therefore there was a very real possibility that no other state would want to accept Price. The stipulation signed in the Family Court [which Price has designated as "Exhibit B" to his Complaint] stated that Price agreed to be voluntarily transferred to a prison "outside the State of Rhode Island." Price signed a "request for interstate transfer" form (which was attached to the stipulation in order to illustrate that Price was volunteering to be transferred) in which he articulated his reasons for the request. Within that paragraph Price indicated what prison systems he would prefer. However, Price's listing of preferences within his explanation of the reasons he sought transfer hardly constituted a

---

[2] In Rhode Island's small prison system, which mirrors Rhode Island's smallness as a state in general, Price's crimes are etched in the minds of many. Price's "celebrity status" was enhanced during the pendency of the litigation Price filed against the Department, in March 2004 when he agreed to a lengthy, 3-part feature in the Providence Journal, the state's main newspaper, in which he discussed in gruesome detail the murders he had committed as a juvenile. By agreeing to the article, Price unfortunately shined a spotlight on himself and his crimes precisely at a time when the Department was contemplating placing him into population. Price's renewed celebrity status and widespread knowledge of his crimes, however made it very difficult to move him through the system. At that point it became clear the Department needed to revisit Price's longstanding request to be transferred out of state. For a brief discussion of Price's most infamous crimes, see State v. Price, 820 A.2d 956 (R.I. 2003). The newspaper article may be viewed at http://www.projo.com/extra/2004/craigprice/ .

promise by the Department of Corrections that he would be guaranteed transfer to the system(s) he preferred. The stipulation governs: it stated "outside of the State of Rhode Island."

Rejected by the Federal system, as well as by Virginia, Colorado, Illinois, New Jersey, Ohio, Arkansas, and South Carolina[3], Price's application for transfer was ultimately accepted by the State of Florida. In October 2004, Price was transferred to the Florida prison system, transported there by the United States Marshals' service.

Displeased with his present surroundings, Price now alleges that he was sent to Florida in retaliation for filing the Motion to Compel. For the reasons that follow, Price's lawsuit fails to state a claim upon which relief may be granted, and should therefore be dismissed.

II. Standard on 12(b)(6) Motion

A complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (D.R.I. 1973). All doubts are resolved in the plaintiff's favor, and all allegations accepted as true. *Bragg v. Warwick Shoppers World, Inc.*, 102 R.I. 8, 227 A.2d 582 (1967).

[3] In fact, Price's application was sent to all of the systems that Price indicated a preference for, with the exception of California. Rhode Island does not have a compact agreement with California for the exchange of inmates. The only states that accepted Price's application were Florida and New Mexico.

## III. Argument

### A. *Figueroa v. DiNitto* is controlling in the case at bar

Price's lawsuit bears a striking resemblance to one filed in 2001 by another Rhode Island inmate, Bernardo Figueroa. Like Price, Figueroa had filed a legal action against the Department of Corrections. Like Price, Figueroa settled his legal action, agreeing to dismiss his case and be voluntarily transferred to a prison outside of the State of Rhode Island.[4] Like Price, Figueroa had a preference for a particular state, and, like Price, was ultimately sent to a state that was not on his wish list because his preferred state would not accept him. Like Price, Figueroa was displeased with his classification in the new prison system to which he was transferred (Virginia), and, like Price, filed a suit in this Federal District Court against the Department of Corrections and Joseph DiNitto claiming that his transfer was effected in retaliation for his pursuit of legal claims against the Department. In Figueroa's case, the defendants' motion for summary judgment was granted, and indeed, the Court specifically found that Figueroa's claim was "frivolous, and wholly without merit," inasmuch as he had ***agreed to be transferred***. *Figueroa v. DiNitto, et al.,* C.A. No. 01-137T, 2002 U.S.Dist. LEXIS 7039 (March 14, 2002). An identical finding should be made here, as Price consented to the transfer, and indeed pleaded for years to be transferred from the Rhode Island system.

[4] A significant difference between Price and Figueroa is that Price had the benefit of legal counsel in formulating his decision to stipulate to the dismissal of his legal action while Figueroa was pro se.

In dismissing Figueroa's claims, this Court noted the high burden upon a Plaintiff to establish a claim for retaliatory transfer, citing *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979):

> In order to establish a claim for a retaliatory transfer, the plaintiff must demonstrate that the actual motivating factor for his transfer was because of his constitutionally protected activity. In other words, plaintiff must demonstrate that he would not have been transferred "but for" his constitutionally protected activity. * * * The requirement for a but for showing together with the wide latitude afforded prison officials in ordering transfers may make summary judgment particularly appropriate.

Furthermore, it has been well established that "even if the defendant had an impermissible reason for transferring the plaintiff, if a separate, permissible reason exists, the defendant will not be liable." *Figueroa v. DiNitto*, citing *Graham v. Hendeson*, 89 F.3d 75, 79 (2nd Cir. 1996); *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993); *Ponchick v. Bogan*, 929 F.2d 419, 420 (8th Cir, 1991); and *Scarpa v. Ponte*, 638 F. Supp. 1019, 1027 (D.Mass. 1986). In Price's case, the Department recognized that Price's infamy was making it nearly impossible for him to progress through the system, and endeavored to assist him by sending him to a system where he would have more of an opportunity to progress[5], prior to his ultimate release from incarceration.[6] Price cannot meet the high burden imposed by the cases cited above, as his transfer was not retaliatory, was in fact part of the settlement of his legal claim, and the Department had an otherwise good reason to transfer him.

[5] It is apparent from his complaint that Price viewed this opportunity as a guarantee of placement in general population; a promise the Department never made and would be unable to impose on another prison system.
[6] Price's current release date is in 2022.

B. Price has no right to a particular classification

It seems that the impetus for Price filing his lawsuit is his displeasure with the classification decisions made by the Florida authorities that have resulted in Price being held in "close supervision;" a restrictive security classification. However, Price's displeasure alone does not form the basis for a cognizable claim, as "[t]here is no federally-protected right to a particular classification or even to an error-free decision by the state authorities." *Palmigiano v. Mullen*, 491 F.2d 978, 980 (1st Cir. 1974). Rhode Island's Supreme Court has made it equally clear that prison inmates have no liberty interest in the inmate classification system, and that the Director of Corrections has exclusive and final discretion over the classification of inmates. *Bishop v. State*, 667 A.2d 275, 277 (R.I. 1995). Therefore, because Price has no protected liberty interest in a particular classification, his claims regarding the supervision level that the State of Florida has imposed on him should be dismissed.

IV. Conclusion

Inmate Price voluntarily consented to be transferred "outside the state of Rhode Island." He was transferred to Florida. His subsequent displeasure with the state system that accepted his transfer cannot support a retaliation claim against the Defendants. His complaint fails to state a claim upon which relief may be granted. The Defendants respectfully request that this Court dismiss this action.

Respectfully submitted:

Patricia A. Coyne-Fague #5198
40 Howard Avenue
Cranston, RI 02920
401-462-0145/401-462-2583 *fax*

**Certification**

I hereby certify that on the 15th day of December 2005 I sent a true copy of the within document by first-class mail postage pre-paid to: Craig C. Price, Charlotte Correctional Institution 33123 Oil Well Road Punta Gorda, Florida 33655.