UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE *
*
Vs. * C.A.No.: 05-389 S
*
A.T. WALL, et al *
*

**DECLARATION IN SUPPORT OF PLAINTIFF'S OBJECTION**
**TO DEFENDANT'S MOTION TO DISMISS**

I, Craig C. Price, #126556, the pro se plaintiff in the above captioned matter, declare under penalty of perjury:

1.) I am the plaintiff in this case. I make this declaration in support of plaintiff's objection and response to defendant's Motion To Dismiss.

2.) As set forth in complaint and accompanying memorandum, I was retaliated upon by R.I.D.O.C. officials for exercising my First Amendment Right by filing a Complaint/Motion To Compel against R.I.D.O.C. officials in an effort to compel said officials to provide the plaintiff with Court Ordered Treatment.

3.) That I, the plaintiff, was transferred Out-of-State, (via Inter State Compact), for purposes and intent of receiving Court Ordered Treatment the R.I.D.O.C. could not provide, (See plaintiff's Exhibits "C" and "B(2)", attached to plaintiff's complaint).

4.) That I was transferred to the State of Florida and to the Florida Department of Corrections, and that I was placed on a Close Management Segregation Status in the Florida State Prison, and the Charlotte Correctional Institution.

5.) The plaintiff never agreed or consented to be voluntarily transferred to the Florida D.O.C., and that plaintiff's transfer to the State of Florida was not a state the plaintiff stipulated to be transferred to (see plaintiff's Exhibit B(2) attached to complaint).

(6) That Defendants and defendant's Counsel have transmitted disinformation to Florida D.O.C. officials that the plaintiff is a Disciplinary Transfer, as opposed to a voluntary one, and that it is the Florida's D.O.C.' prerogative to keep the plaintiff in close management segregation. (SEE Exhibits "A" and "B" attached to this Declaration).

7) That plaintiff's close management segregation placement is a direct consequence from defendant's efforts of relaying and distributing disinformation, and that the disinformation distributed and relayed to Florida D.O.C. officials by the defendants, was a direct consequence from the plaintiff engaging in constitutionally protected conduct, which was the plaintiff's filing a Complaint/Motion To Compel against the defendants in order to compel defendants to provide Court ordered Treatment for plaintiff.

8) That the plaintiff's previous counsel, Attorney Dana Paolino-Szecia, (whom represented the plaintiff on his Motion To Compel against R.I. D.O.C. officials), has tried on numerous occasions, in numerous good faith efforts, to get the defendants to clarify to Florida D.O.C. prison officials the reason why plaintiff primarily transferred Out-of-State, (which was to receive Court Ordered Treatment), but the defendants and defendant's counsel have refused to do so. (See again Exhibits "A" and "B" attached to this Declaration).

9) The Plaintiff his self on numerous occasions, and in numerous good faith efforts, has tried to attain Court Ordered Treatment from Florida D.O.C. officials, but to no avail has the plaintiff's earnest attempts prevailed. (See Exhibits "C", "D" and "E" attached to this declaration

10.) The defendants, and defendant's counsel, have been denying the plaintiff Court Ordered Treatment since the inception of the Court's Order for the defendants to provide it, but yet, defendants, defendant's counsel, and agents in the employ of defendants, have been maintaining the fabrication that plaintiff has been Recalcitrant and has been refusing the defendant's efforts at administering the Court Ordered Treatment, by refusing into the efforts by defendants, and agents in the employ of defendants, to engage in discussion of plaintiff's past juvenile crimes (in which defendants have claimed is a precursor in the development of a treatment plan for plaintiff). (See Exhibit "F" attached to this Declaration)

11.) Florida D.O.C. officials have been made aware of plaintiff's Court Ordered Treatment through plaintiff's previous counsel Dena Paolino Sacco, but yet, Florida D.O.C. officials have not endeavored to devise and implement any court ordered Treatment for the plaintiff. Furthermore, FLA. D.O.C. officials have been transmitting to the defendant's a "Progress Assessment" each month pertaining to plaintiff and plaintiff's incarceration within the FLA. D.O.C., and therefore by this Knowledge the defendant's know that plaintiff is not receiving Court Ordered Treatment. (See Exhibit "G" attached hereto the declaration).

12.) The plaintiff's previous counsel can, and will, willingly testify to the fact that the defendants, and defendant's counsel, did indeed engage in disingenuously type negotiations in regards to the plaintiff's agreement to Dismiss the Com-

plaint/Motion To Compel Court Ordered Treatment, and that the only reason plaintiff agreed to the stipulation to voluntarily transfer Out-of-State, was so that plaintiff could receive Court Ordered Treatment, and that said dismissal of Complaint/Motion To Compel, was due to defendant's Counsel imparting the disingenuous understanding to plaintiff, and plaintiff's previous Counsel, that plaintiff would receive the Court Ordered Treatment. (See Exhibit ______ attached hereto the plaintiffs Declaration for verification that plaintiff's previous Counsel will testify in regards to plaintiff's Retaliation and Retaliatory Transfer Claim).

I, [signature] #126556 the plaintiff, have made the foregoing Declaration In Support of plaintiff's Memorandum In Support of Objection and Response to Defendants Motion To Dismiss

1 / 3 / 06

[signature] Pro-se #126556
Craig C. Perca Pro Se 126556
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida
33955

**NOTARIZATION**

Sworn to before me this 3rd, day of January, 2006

[signature] Kara R Williams
Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
Kara R. Williams
Commission # DD488568
Expires: NOV. 07, 2009
Bonded Thru Atlantic Bonding Co., Inc.

**CERTIFICATION**

I hereby certify that on the 3rd day of January, 2006, I sent a truecopy of the within document bu U.S. Mail to Attorney for defendants, Patricia A. Coyne-Fague #5198, at 40 Howard Avenue, Cranston Rhode Island, 02920

Craig C. Price Pro se 126556
Craig C. Price #126556

Exhibit "A"

**Dena Paolino**

COPY

**From:** "Coyne-Fague, Patricia" <Patricia.Coyne-Fague@doc.ri.gov>
**To:** "Dinitto, Joseph" <Joseph.Dinitto@doc.ri.gov>
**Cc:** <dpaolino3@cox.net>
**Sent:** Thursday, May 26, 2005 8:51 AM
**Subject:** resending message

Hi Joe.
Dena just called me and feels that Florida has misconceived the reasons that we sought out-of-state placement for Craig Price.
Florida is keeping him in confinement based on his long and violent disciplinary history, as is their prerogative, with which we do not quarrel.
However, Dena would like you to send a letter to Florida that, while we understand that classification is their issue, clarifies that the *reason* we sent him.
Let me know if this is a problem.
Thanks.

***Patricia A. Coyne-Fague***
Chief Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

No Further Communication from DOC!

Exhibit "B"

**Dena Paolino**

COPY

**From:** "Coyne-Fague, Patricia" <Patricia.Coyne-Fague@doc.ri.gov>
**To:** <dpaolino3@cox.net>
**Cc:** "Dinitto, Joseph" <Joseph.Dinitto@doc.ri.gov>
**Sent:** Thursday, May 26, 2005 10:43 AM
**Subject:** Craig Price

Joe re-read to me the cover letter we sent to Florida. We made it clear why we were sending him. They are free (indeed obligated) to look at his entire record when they determine his placement. As I said before, that's their prerogative. No "promises" were made re: him being in population; this transfer was to give him a chance at it that he likely did not have here. Now it's up to him to work his way through their system. Any complaints he has about their decision should be addressed to them.

***Patricia A. Coyne-Fague***
Chief Legal Counsel
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

Exhibit C

RD52

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

ENTERED

(Instructions on Back)

Mail Number: ______
Team Number: 4
Institution: F.S.P.

**TO:** (Check One) ☐ Warden ☐ Asst. Warden ☐ Classification ☐ Security ☐ Medical ☐ Dental ☑ Other Psych. Spec. Mr. Riedelberger

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | [illegible] | 126556 | K-Wing 1122 | None | 5-24-05 |

## REQUEST

Respectfully request if you could please place on my "Individualized Service Plan," (especially under the sections of short and long term Goals and Target Dates), the fact that I am looking for adequate treatment and Rehabilitation in the form of "Individual psychotherapy with a cognitive-behavioral orientation," "Educational Services," and "Vocational Services." I make this request because [illegible] programming is not being given to me and [illegible] is precisely the reason why I entered with [illegible] agreement to the [illegible]. The Rehabilitation that is [illegible], and a [illegible] term & condition, is that I am to receive the [illegible] and "psychological treatment" [illegible]

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

RECEIVED
MAY 26 2005
FSP MENTAL HEALTH DEPT.

DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED:

Thanks I/M Price
I will discuss this with Dr. Welter-Krauss, Senior Psychologist who is my supervisor.
We will keep contact on the issue

[The following pertains to informal grievances only:

Based on the above information, your grievance is ______________. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): [signature] H.J. RIEDELBERGER, M.H.S. PSYCHOLOGICAL SPEC. Date: 5/27/05

Distribution: White -Returned to Inmate; Canary -Returned to Inmate; Pink -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

1122 Exhibit "D" RD52

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

(Instructions on Back)

**INMATE REQUEST**

ENTERED

Mail Number:
Team Number: 4
Institution: F.S.P.

TO: (Check One)
☐ Warden ☐ Asst. Warden ☐ Classification ☐ Security ☐ Medical ☐ Dental ☑ Other Psych. Spec. Mr. Ridelberger

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Craig C. Price | 126556 | K-Wing 1122 | None | 6-2-05 |

**REQUEST**

Mr. Ridelberger, have you made any progress with the issue I last spoke to you about concerning my I.S.P., the documents I've shown you, and the lack of any adequate programming and groups pertaining to my particular situation and circumstances?
I really am trying to resolve this matter in the least time possible (because every day not spent on trying to get me where I need to be, is to me, another day wasted at my own expense, because as I previously stressed to you before, I am rigorously trying to attain the rehabilitation I need because I need it on every level I mentioned. Could you please let me know what's up? Thank You

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

DO NOT WRITE BELOW THIS LINE

**RESPONSE** DATE RECEIVED:

RECEIVED
JUN 03 2005
FSP MENTAL HEALTH DEPT.

Inmate Price
Please list the exact types of counseling you request. Dr Krauss my Senior Psychologist suggested I find the names of people who might be willing to provide those kinds of counseling to you and I will coordinate those services.

[signature]
H.J. REIDELBERGER, M.H.S.
PSYCHOLOGICAL SPEC.
FLORIDA STATE PRISON

[The following pertains to informal grievances only:

Based on the above information, your grievance is ____________. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): [signature] Date: 6/6/05

Distribution: White -Returned to Inmate; Canary -Returned to Inmate; Pink -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

Exhibit E

SR36

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

(Instructions on Back)

**ENTERED**

Mail Number:
Team Number: 4
Institution: F.S.P.

**TO: (Check One)** ☐ Warden ☐ Asst. Warden ☐ Classification ☐ Security ☐ Medical ☐ Dental ☑ Other Dr. Sierra

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Craig C. Price | 126556 | K-Wing 1122 | None | 7-5-05 |

**REQUEST**

Dr. Sierra, Respectfully request to know if you've contacted Dr. Watkins about my particular situation? I've written her again, (exact on the same day we last spoke), but I haven't received any response back. Is there any way you can check with her office and find out if she's even receiving my mail? In any event, could you please let me know if any progress has been made. Thank you

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

**DATE RECEIVED:** RECEIVED JUL 07 2005 FSP MENTAL HEALTH DEPT.

This issue was addressed with Dr Watkins. I do not know what she receives.

[The following pertains to informal grievances only:

Based on the above information, your grievance is __________. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): E Sierra PhD Psych FSP  Date: 7/7/05

Distribution: White -Returned to Inmate  Canary -Returned to Inmate  Pink -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

pg. 1 of Exhibit "F"

COPY

Joseph V. Penn, M.D., CCHP
Department of Psychiatry
Rhode Island Hospital
593 Eddy Street
Providence, RI 02903

October 5, 2004

RE: Craig C. Price evaluation dated 9/21/04

Dear Dr. Penn:

In June, 2004, pursuant to the court order of Chief Justice Albert DeRobbio, you were requested to perform an independent, psychiatric evaluation of my client, Craig C. Price, for the purpose of determining his mental health treatment needs and the ability of the Department of Corrections to provide such adequate treatment.

On September 21, 2004 you prepared a written report referencing interviews you conducted with Mr. Price as well as various conversations with Alan Feinstein, M.A., of DOC, Christopher Hebert, M.A., of DOC, Attorney Patricia Coyne-Fague, DOC, Fredric C. Freidman, Ed.D. of DOC, Tony Amaral, counselor, DOC and myself. You also identified copious reports and documents which you apparently reviewed in preparation of your report.

On October 4, 2004 I completed my review of your evaluation. As a result of grave concerns and questions I had regarding your ultimate conclusion that Craig Price refused to avail himself of the "numerous opportunities in the RITS and RI DOC" I immediately telephoned you at your office. However, after I explained the purpose of my call was to ascertain upon what information you based this conclusion, you replied that you were not comfortable speaking with me and would only clarify your report at the directive of the court. I then advised you that at 2:00 Trish Coyne-Fague and I would be meeting with Chief Justice DeRobbio and I would be asking the Court to order clarification and supporting evidence for your conclusions.

Thereafter, at approximately 2:00, Trish Coyne-Fague, Patrick Youngs and I met with the Chief Judge whereby I apprised the court of my concerns and explained the necessity of such clarification. In response thereto, Chief Judge DeRobbio granted my request that you provide a written explanation supported by evidence that "despite repeated efforts by DOC staff, Craig has refused to pursue any of the numerous treatment opportunities available to him".

Pg. 2 of Exhibit "F"

Specifically, I would like you to review the following assertions arrived at in your evaluation:

On page 35, paragraph 2, you stated:

"Individual and group **treatment**, psychoeducational **programing,** substance abuse counseling and **other treatment modalities have been available** to Mr Price in RITS and DOC. **Despite repeated efforts** by several DOC social workers and psychology staff, Mr. Price has been **reluctant to engage** in any formal mental health treatment except for ongoing clinical re-assessments and supportive therapy provided on an as needed basis. To date, **Mr. Price has not pursued any of the above treatment opportunities**....only upon repeated encouragement and active prompting by his DOC psychologist and social worker...he has agreed...in the context of ...current efforts to seek reclassification...secure out of state transfer or release via securing his pending appeal for post conviction relief.

On page 37, final paragraph, you reiterate that Mr. Price has been **"resistant to engage** in mental health treatment until very recently **and only with repeated encouragement of his DOC staff".**

On page 38, paragraph 1 and 2, you again conclude that **"despite numerous opportunities** in the RITS and RI DOC to date, Craig Price has not begun to identify or target any of the risk factors...and appears solely preoccupied with the perceived injustice of his present incarceration". You also conclude that "...to date Craig Price has not demonstrated an ability to utilize available correctional mental health therapeutic opportunities to critically explore his criminal offenses and develop short and long-term treatment goals (outside of avoiding assaultive behaviors in a correctional setting and only in the context of his current appeal and desire to be transferred out of state".

On page 38, paragraph 4, you opine that "once Mr. Price is less preoccupied by his current legal proceedings...and is ready to make real therapeutic change ...he will need to pursue available correctional mental health and substance abuse treatment and not avoid discussions of his past violent offenses due to feared legal repercussions".

In reference thereto, I am requesting that you provide support and explanation to the aforestated by answering the following:

1. What "numerous treatment opportunities" have been available to Mr. Price at the DOC?

2. What DOC staff has "repeatedly encouraged and actively prompted" Mr. Price to participate in these treatments? When?

3. What "resistance" to treatment has Mr. Price displayed at DOC? When?

4. When did he avoid discussions of his criminal offenses? To whom?

It is imperative that you provide evidence upon which you based these conclusions. This evaluation will be placed in Mr. Price's file and follow him to whichever facility he is transferred. Your conclusive averments, replete with false assumptions of non-compliance and refusal to partake in available programming, will not only prejudice the manner in which Craig will be perceived at the next facility but ultimately they will be detrimental to his future psychiatric treatment..

Your immediate attention to this matter is appreciated and imperative.

Lastly, Chief Judge DeRobbio granted Mr. Price's request for a copy of the videotaped interviews at my client's expense. Please inform me of the most expeditious means to fulfill this request.

Sincerely,

Dena Paolino-Sarcia

Exhibit G

FLORIDA
DEPARTMENT of
CORRECTIONS

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

*An Equal Opportunity Employer*

2601 Blair Stone Road • Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

July 7, 2005

Inmate Craig Price, #126556
Florida State Prison
7819 NW 228th Street
Raiford, FL 32026-1200

Re: Request for a Classification review

Dear Inmate Price:

This is in response to your letter regarding a Classification review.

Please be advised that an inmate housed in the Florida Department of Corrections as an Interstate Corrections Compact transfer will be reviewed by the Classification Department in accordance with FL DC rules and regulations.

A progress "assessment" is provided to the sending state every six (6) months. In your case, we provide information to Rhode Island each month. However, the Classification Department is not required to review your Close Management status more frequently than on a bi-annual basis unless the Classification Dept or SCO determines a more frequent review would be appropriate.

Sincerely,

Evelyn D. Garst
Correctional Services Administrator
Interstate Corrections Compact – Institutions

c: Joseph DiNitto, NC DC, ICC Office
Classification Dept, FSP
File

Exhibit "H"

Dena Paolino-Sarcia
Attorney at Law

P.O. BOX 7182 • CUMBERLAND, RHODE ISLAND 02864
TEL. (401) 334-6012 • FAX (401) 334-2921
MOBILE (617) 201-1868

Hey Craig -

I just received your letter and I want you to rest assure that I have no intention of being a witness for DOC. They have not contacted me either.

I actually look forward to testifying against them in a hearing. They screwed us both by their game in this transfer, more specifically the info they gave Florida!

So rest your mind

Stay strong + keep me posted!

Dena

11-8-05