**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CRAIG C. PRICE,** *pro se*,

plaintiff,

**v.** **C.A. No. 05 - 389 S**

**ASHBEL T. WALL, II**, Director, Rhode Island Department of Corrections, **JAKE GADSDEN, JR.**, Assistant Director of the Rhode Island Department of Corrections, and **JOSEPH A. DINITTO**, Assistant Director of Classification, Rhode Island Department of Corrections,

defendants.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Craig C. Price ("Price" or "plaintiff"), *pro se*, an inmate in the custody of the Rhode Island Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 alleging a deprivation of his federal constitutional rights. Price names as defendants Ashbel T. Wall, II, Director of the Rhode Island Department of Corrections, Jake Gadsden, Jr., Assistant Director of the Rhode Island Department of Corrections, and Joseph A. DiNitto, Associate Director of Classification at the Rhode Island Department of Corrections (collectively "defendants").

Presently before the Court is the motion of the defendants to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has opposed the motion. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the defendants' motion to dismiss be **DENIED**.

## Background

The following are the factual allegations from the complaint which are taken as true for purposes of the instant motion:

On July 17, 1997, a Rhode Island state court judge sentenced the plaintiff Craig C. Price to the Rhode Island Department of Corrections ("RIDOC") for a term of imprisonment of twenty-five years, with ten years to serve and fifteen suspended. Additionally, the court, as part of the sentence, required the plaintiff to complete certain rehabilitative programs, including psychological and psychiatric treatment while incarcerated.

On August 13, 2003, after not receiving any of the court-mandated treatment, plaintiff filed a motion in the state courts seeking to compel the Department of Corrections to comply with the state court order. After several skirmishes, the Department of Corrections agreed to provide the plaintiff with the court mandated treatment. The parties further agreed that if Price successfully completed the first round of treatment, the Department of Corrections would upgrade his classification status, permitting him to participate in further rehabilitative treatment, as mandated by the state court. Price thereafter withdrew his motion to compel.

Price successfully completed his first round of treatment and appeared before a classification board for review of his classification status. Based on his successful completion of the initial round of treatment and pursuant to the agreement between Price and the RIDOC, the board recommended that Price's classification be upgraded. However, the defendants refused to permit an upgrade. Instead, they launched no less than three separate, unrelated investigations into various matters, delaying Price's classification status upgrade and prohibiting the plaintiff from participating in further rehabilitation. Due to the Department of Corrections failure to abide by the agreement, Price,

through counsel, communicated to officials at the Department of Corrections that he intended to re-submit his motion to compel to the Rhode Island state courts.

Following this communication, counsel for the Department of Corrections offered to send Price to an out-of-state confinement facility where he would receive his court-ordered treatment. Price consented and the parties entered into an agreement on the record in the state court. While Price requested that he be transferred to certain correctional institutions of his liking, this request apparently was not part of the agreement entered into the state court record. Rather, the agreement required only a transfer to an out of state facility where he would receive rehabilitative treatment.

The Department of Corrections ultimately transferred Price to a confinement facility in Florida, at the Florida Department of Corrections ("FDOC"), where he is presently confined. Plaintiff alleges that classification officials at the FDOC have placed him on the most restrictive classification status because they have been wrongly informed by RIDOC officials that the plaintiff "liked to cause trouble," that he had "escaped from prison" and that he "pull[s] ... smart moves...especially with the legal stuff." See Complaint at p.8,¶ 24. Plaintiff thereafter learned that the facility where he is confined in Florida can not provide him with the court-mandated rehabilitation, which was the alleged impetus for the transfer.

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 seeking relief. Plaintiff contends that the Rhode Island Department of Corrections, particularly the named defendants here - Wall, Gadsden, and DiNitto, intentionally transferred him to the facility where he is confined in an effort to frustrate his rehabilitation, in retaliation for filing the motion to compel in the state courts. Plaintiff also alleges that these defendants continue to classify him in the most restrictive manner, frustrating his rehabilitation, in retaliation for filing the motion to compel in state courts. Defendants have moved

to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has opposed the motion.

## Discussion

### a. Rule 12(b)(6) Standard

Rule 12(b)(6) provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded factual averments of the *** complaint as true, and construe these facts in the light most favorable to the [plaintiff]." Congris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of protected federal rights.

### b. 42 U.S.C. § 1983

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation

> of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

Section 1983 creates a cause of action for persons who are denied a federally protected right. See, e.g., Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations). The initial inquiry in a Section 1983 action is (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived the plaintiff of a constitutional right or a federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640 (1980). There is no dispute that the defendants acted under the color of state law. The only question is whether the facts alleged rise to a violation of the plaintiff's constitutional rights.

In his complaint, Price alleges that he has been retaliated against by the defendants, in violation the First Amendment. To state a claim for retaliation, a plaintiff must allege a "chronology of events which may be read as providing some support for an inference of retaliation." McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979). Plaintiff must allege (1) he engaged in constitutionally protected conduct, (2) he suffered an adverse action, and (3) there was a causal connection between the constitutionally protected conduct and the adverse action, so that it can be said that the constitutionally protected conduct was a motivating factor for the adverse action. See Wheeler v. Natale, 178 F.Supp.2d 407, 410 (S.D.N.Y. 2001).

Plaintiff alleges he filed suit in the state courts against the Rhode Island Department of Corrections, challenging their failure to provide him with court ordered rehabilitation programs. It is well established that prisoners have a constitutional right of access to the courts grounded in the

First Amendment's right "to petition the Government for a redress of grievances." See U.S. CONST. amend.I; see also Lewis v. Casey, 518 U.S. 343 (1996). Thus, plaintiff has a federally protected right to access the courts and has satisfied the first hurdle to state a claim of retaliation.

Next, plaintiff must allege that he has suffered an adverse action, and that this action was a result of his constitutionally protected activity. Here, plaintiff has done just that. Plaintiff alleges that he has suffered two adverse actions. First, plaintiff claims that defendants transferred him to a Florida prison which does not have rehabilitation programs. Second, plaintiff alleges that the defendants refuse to upgrade his classification status, despite a classification boards' recommendation otherwise. Plaintiff alleges that these two adverse actions were done to frustrate his rehabilitation and, more importantly, in retaliation for filing a complaint in the state court against the RIDOC. These allegations are sufficient to put the defendants on notice of the claims before the Court. Plaintiff has alleged a "chronology of events which may be read as providing some support for an inference of retaliation." McDonald, 610 F.2d at18.

In its motion to dismiss, the defendants argue that the RIDOC has been granted broad discretion to classify state inmates and cite Bishop v. State, 667 A.2d 275, 277-8 (R.I. 1995) as authority. But the RIDOC's broad authority to classify inmates "does not swallow the inmate's fundamental right of access to the courts." Laaman v. Perrin, 435 F.Supp. 319, 327 (D.N.H. 1977). The question is not whether the RIDOC had a right to act, but whether such action was accomplished for an unlawful purpose. See e.g. Mount Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 282 (1977).

Defendants also argue in their motion that they have a bevy of reasons for transferring the plaintiff. For example, the defendants contend that the plaintiff's "infamy" created difficulties for him to progress through the RIDOC's system. Defendants also contend that they transferred the plaintiff in accordance with the agreement entered in state court. Thus, the defendants' argue that the plaintiff can not meet his "high burden" to overcome their alleged legitimate reasons for the transfer, entitling them to dismissal pursuant to Rule 12(b)(6). See Memorandum in Support of Defendants' Motion to Dismiss at 5. Defendants are mistaken.

As the *pro se* plaintiff correctly points out in his objection, in order to withstand a motion to dismiss pursuant to Rule 12(b)(6), plaintiff need only allege "a chronology of events from which retaliation may plausibly be inferred." See Plaintiff's Objection to Defendants' Motion to Dismiss, p.4. This plaintiff has done. Defendants' unsubstantiated reasons, without any record support, are wholly misplaced since the Court only considers the averments in the complaint when deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). See Congris, 811 F.2d at 37 (when considering a motion filed under Rule 12(b)(6), the court must accept the pleaded factual averments of the complaint as true and construe these facts in the light most favorable to the plaintiff).

Although the plaintiff may not have a constitutional right to remain at a particular institution or be assigned to a particular classification, prison officials may not transfer him or classify him in retaliation for the exercise of a constitutionally protected activity. It is firmly established that an act taken in retaliation for the exercise of a constitutionally protected right is forbidden. McDonald, 610 F.2d at 18. The alleged retaliation by the defendants against an the plaintiff for pursuing legal action constitutes an interference with the plaintiff's right of access to the courts. Id.

**Conclusion**

Accordingly, for the reasons set forth above, I recommend that the defendants' motion to dismiss be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); L.R.Cv. 72(d). Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopain
Senior United States Magistrate Judge
March 7, 2006