**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CRAIG C. PRICE,** *pro se*,

plaintiff,

**v.** **C.A. No. 05 - 389 S**

**ASHBEL T. WALL, II**, Director, Rhode Island Department of Corrections, **JAKE GADSDEN, JR.**, Assistant Director of the Rhode Island Department of Corrections, and **JOSEPH A. DINITTO**, Assistant Director of Classification, Rhode Island Department of Corrections,

defendants.

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Craig C. Price ("Price" or "plaintiff"), *pro se*, an inmate in the custody of the Rhode Island Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 alleging a deprivation of his federal constitutional rights. Price names as defendants Ashbel T. Wall, II, Director of the Rhode Island Department of Corrections, Jake Gadsden, Jr., Assistant Director of the Rhode Island Department of Corrections, and Joseph A. DiNitto, Associate Director of Classification at the Rhode Island Department of Corrections (collectively "defendants").

Plaintiff has filed three identical motions for a temporary restraining order and/or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. See Dckt # 2, 5 and 9. Defendants filed an objection to the motions. These matters have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow,

I recommend that the plaintiff's three motions for injunctive relief be **DENIED**. I have determined that a hearing is not necessary. Campbell Soup Co. v. Giles, 47 F.3d 467, 469 (1st Cir. 1995) (an evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65).

**Background**

On July 17, 1997, a Rhode Island state court judge sentenced the plaintiff Craig C. Price to the Rhode Island Department of Corrections ("RIDOC") for a term of imprisonment of twenty-five years, with ten years to serve and fifteen suspended. Additionally, the court, as part of the sentence, required the plaintiff to complete certain rehabilitative programs, including psychological and psychiatric treatment while incarcerated. After not receiving any of the court-mandated treatment, plaintiff filed a motion in the state courts seeking to compel the Department of Corrections to comply with the state court order. Ultimately, counsel for the Department of Corrections offered to send Price to an out-of-state confinement facility where he would receive his court-ordered treatment. Price consented.

The Department of Corrections transferred Price to a confinement facility in Florida, at the Florida Department of Corrections ("FDOC"), where he is presently confined. Plaintiff alleges that classification officials have placed him on the most restrictive classification status at the Florida prison. Plaintiff also alleges that the facility where he is confined can not provide him with the court-mandated rehabilitation, which was the alleged impetus for the transfer.

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 seeking relief. Plaintiff contends that the Rhode Island Department of Corrections, particularly the named defendants here - Wall, Gadsden, and DiNitto, intentionally transferred him to the facility where he is confined in an effort to frustrate

his rehabilitation, in retaliation for filing the motion to compel in the state courts. Plaintiff also alleges that these defendants continue to classify him in the most restrictive manner, frustrating his rehabilitation, in retaliation for filing the motion to compel in state courts.

In his three motions for injunctive relief, plaintiff seeks an order directing the defendants to return him to the RIDOC's Adult Correctional Institutions in Cranston, Rhode Island. Defendants have opposed the motions.

**Discussion**

To determine the appropriateness of granting a preliminary injunctive relief, the plaintiff must satisfy a four-pronged test. Planned Parenthood v. Belotti, 641 F.2d 1006, 1009 (1st Cir. 1981). The plaintiff must demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction is issued; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). Plaintiff's failure to meet any of the above requirements will result in a denial of the motion for injunctive relief.

Here, plaintiff has failed to demonstrate a likelihood of success on the merits of this case. To succeed on the merits of a retaliation claim, plaintiff must make a showing that the actual motivating factor for his transfer/classification was because of his constitutionally protected activity. McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979). In other words, plaintiff must demonstrate that he would not have been transferred or classified in such a manner "but for" his constitutionally protected activity. Id. This is a substantial burden. Id. Moreover, even if the defendants had an impermissible reason for transferring/classifying the plaintiff, if a separate, permissible reason exists, the defendants will not be liable. See Graham v. Henderson, 89 F.3d 75, 79 (2nd Cir. 1996); Ponchik v. Bogan, 929 F.2d

419, 420 (8th Cir. 1991); See also Scarpa v. Ponte, 638 F. Supp. 1019, 1029 (D.Mass. 1986).

While Price has made allegations of retaliation, he has not provided any evidentiary support. Plaintiff has supplied the Court with a plethora of documents. However, none seem to provide any evidence of a retaliation. Indeed, plaintiff's own documents support the defendants' position that Price was transferred to Florida in accordance with the agreement entered in the state court. See Plaintiff's Exhibit B(stipulation entered in state court consenting to a transfer to an out of state confinement facility), and Exhibit C (letter from Price's attorney detailing the understanding of the agreement; Florida is not mentioned as a state Price would not be willing to relocate). Moreover, with respect to his classification, it appears from Price's exhibits that his classification at the Florida prison rests with the Florida Department of Corrections. See Plaintiff's Exhibit L.

In any event, no evidence has been presented by the plaintiff which demonstrates any retaliatory intent on the part of the defendants. Allegations alone may defeat a motion to dismiss pursuant to Rule 12(b)(6), but allegations alone are insufficient for the Court to grant preliminary injunctive relief. Thus, Price has failed to demonstrate a likelihood of success on the merits of his claims.

Furthermore, Price must also demonstrate that he suffers from some sort of immediate, irreparable harm, which requires the motion to be granted. "The prime prerequisite for injunctive relief is the threat of irreparable harm." National Truck Carriers v. Burke, 608 F.2d 819, 824 (1st Cir. 1979). The harm cannot be speculative, and subjective apprehensions and predictions cannot establish an immediate threat of irreparable harm. See e.g. In Re Rare Coins of America, Inc., 862 F.2d 896, 901 (1st Cir. 1988).

Constitutional violations, when properly demonstrated, are presumed to demonstrate

"irreparable harm." See National People's Action v. Village of Wilmette, 914 F.2d 1008, 1013 (7th Cir. 1990). However, as mentioned above, plaintiff has failed to demonstrate any constitutional violation with respect to his claims of retaliation. Moreover, the harm that plaintiff complains of - being housed in a Florida prison and his classification status, is not of a constitutional dimension. The plaintiff has no federal constitutional right to be confined in a prison his choosing. Olim v. Wakinekona, 461 U.S. 238, 246-8 (1983). The state may place him in any prison it deems fit. Id. Furthermore, plaintiff has no constitutional right to any particular prison classification. See Meachum v. Fano, 427 U.S. 215, 225 (1976). Thus, plaintiff has failed to make a showing that he suffers from any immediate, irreparable injury.

Since the plaintiff has failed to demonstrate that he will be successful on the merits of his claims and that he suffers from an immediate, irreparable injury, I need not discuss the remaining factors necessary for this Court to grant the instant motion. A failure to demonstrate one of the four factors necessitates a denial of the instant motion.

**Conclusion**

Accordingly, for the reasons stated above, I recommend that plaintiff's three motions for a temporary restraining order / preliminary injunction be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); L.R. Cv. 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
March 14, 2006