**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRAIG C. PRICE** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-389S** |
| | : | |
| **A.T. WALL, et al.** | : | |

DEFENDANTS' ANSWER

Now come Defendants (Wall, Gadsden and DiNitto) by and through their attorney, and hereby answers Plaintiffs' complaint:

1. This paragraph relates to jurisdiction and thus requires no response from Defendants.

2. This paragraph requires no response from Defendants.

3. Defendants admit that A.T. Wall is the Director of the Rhode Island Department of Corrections, and denies the balance of paragraph 3.

4. Defendants admit that Jake Gadsden is the Assistant Director of the Rhode Island Department of Corrections, and denies the balance of paragraph 4.

5. Defendants admit that Joseph DiNitto is the Associate Director for Classification at the Rhode Island Department of Corrections, and denies the balance of paragraph 5.

6. Denied.

7. Defendants admit that Plaintiff filed a "Motion to Compel." Defendants leave Plaintiff to his proof as to the balance of paragraph 7.

8. Denied.

9. Defendants admit that the classification board recommended "B" status at the April, 2004 classification review. Defendants deny the balance of the paragraph.

10. Defendants neither admit nor deny, but leave Plaintiff to his proof.

11. Defendants neither admit nor deny but leave Plaintiff to his proof.

12. Defendants neither admit nor deny, but leave Plaintiff to his proof.

13. Defendants neither admit nor deny, but leave Plaintiff to his proof.

14. Defendants neither admit nor deny, but leave Plaintiff to his proof.

15. Defendants neither admit nor deny, but leave Plaintiff to his proof.

16. Defendants neither admit nor deny, but leave Plaintiff to his proof.

17. Defendants admit that Plaintiff's attorney sent a letter to their attorney, memorializing Plaintiff's attorney's understanding of the out-of-state transfer.

18. Defendants admit that a stipulation (Plaintiff's "Exhibit B") was signed by the parties and entered by the Rhode Island District Court.

19. Admitted as to substance; Defendants leave Plaintiff to his proof as to the dates he recites.

20. Defendants admit that Plaintiff was ultimately housed in a Florida facility; Defendants leave Plaintiff to his proof as to the balance of paragraph 20.

21. Defendants admit that Plaintiff did not include Florida as one of the states to which he would prefer to be transferred.

22. Defendants neither admit nor deny, but leave Plaintiff to his proof.

23. Defendants neither admit nor deny, but leave Plaintiff to his proof.

24. Defendants neither admit nor deny, but leave Plaintiff to his proof.

25. Defendants neither admit nor deny, but leave Plaintiff to his proof.

26. Defendants neither admit nor deny, but leave Plaintiff to his proof.

27. Defendants neither admit nor deny, but leave Plaintiff to his proof.

28. Defendants neither admit nor deny, but leave Plaintiff to his proof.

29. Defendants neither admit nor deny, but leave Plaintiff to his proof.

30. Defendants neither admit nor deny, but leave Plaintiff to his proof.

31. Defendants neither admit nor deny, but leave Plaintiff to his proof.

32. Defendants neither admit nor deny, but leave Plaintiff to his proof.

33. Defendants neither admit nor deny, but leave Plaintiff to his proof.

34. Defendants neither admit nor deny, but leave Plaintiff to his proof.

35. Defendants neither admit nor deny, but leave Plaintiff to his proof.

36. Defendants neither admit nor deny, but leave Plaintiff to his proof.

37. Defendants neither admit nor deny, but leave Plaintiff to his proof.

38. Defendants neither admit nor deny, but leave Plaintiff to his proof.

39. Denied.

40. Denied.

41. Denied.

**WHEREFORE,** Defendants request that the Complaint be dismissed, that Judgment enter in their favor and against the Plaintiff, and that Defendants be awarded their costs and such other relief as this Court deems fair and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a cause of action.

### Second Affirmative Defense

Defendants are immune from suit pursuant to the doctrine of sovereign immunity.

### Third Affirmative Defense

Plaintiffs failed to mitigate damages.

### Fourth Affirmative Defense

Defendants acted in good faith and therefore had qualified immunity.

**Fifth Affirmative Defense**

Plaintiff's damages, if any, were caused by his own acts or omissions, or the acts or omissions of others, for which these Defendants are not responsible.

**Sixth Affirmative Defense**

Defendants plead the doctrine of discretionary immunity.

**Seventh Affirmative Defense**

Defendants plead assumption of the risk.

**WHEREFORE,** Defendants request that the Complaint be dismissed, that Judgment enter in their favor and against the Plaintiffs, and that Defendants be awarded their costs and such other relief as this Court deems fair and proper.

Respectfully submitted:

Patricia A. Coyne-Fague #5198
R.I. Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

**Certification**

I hereby certify that on the 15th day of March 2006 I sent a true copy of the within document by first-class mail postage pre-paid to: Craig C. Price, Charlotte Correctional Institution 33123 Oil Well Road Punta Gorda, Florida 33655.