UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE *
*
VS. * C.A. No. 05-389S
*
A.T. WALL, et al. *
*
*

**MEMORANDUM IN SUPPORT OF THE**
***PLAINTIFF'S MOTION FOR EXTENSION OF TIME***

Now comes the plaintiff in the above entitled matter, and pursuant to local Rule 39(c), the plaintiff respectfully moves in this honorable court for an extension of time

For the reasons given below within this memorandum, the plaintiff prays the court will grant the extension requested which is (15) fifteen days.

For purposes of the instant motion, the plaintiff will respectfully limit the facts and travels of the case so that the Court will not be burdened with redundancy. The pertinent facts are as follows.

**FACTS AND TRAVELS**

On April 11th, 2006, pursuant to Rule 16 of LR of Civ. procedure, the initial scheduling conference involving this matter took place via phone and three way teleconference. This teleconference was presided over by Senior United States Magistrate Judge The Honorable Jacob Hagopian, and was attended by Counsel for the defendants, attorney Patricia Coyne-Fague, and the plaintiff, whom is pro se.

At said teleconference the issue of Discovery was discussed, and the plaintiff had then informed the Judge and the Counsel for defendants, that on the date of 4/5/06, the plaintiff had mailed out to the defendants

motions for discovery that included a motion for the production of documents, and a motion for interrogatories. (See Exhibit "A" attached) As of the date of this memorandum, the plaintiff still has not received the requested discovery.

However, nine days after the April 11th, 2006, hearing, on 4/20/06, the plaintiff received the defendants Motion for Summary Judgment.

Upon crafting his objection to the defendants Motion for Summary Judgment, the plaintiff was of sound mind to realize and understand that his legal position would be better represented and argued, if the plaintiff could attain the discovery he sought from the defendants, because said discovery would help the plaintiff establish to the court that a genuine issue of material fact exist. Thus, precluding the defendants being granted the relief of Summary Judgment as a matter of law.

Furthermore, along with this problem of not attaining the discovery plaintiff sought and requested from defendants, the plaintiff was faced with another pressing problem which was critical to his defense against defendant's Summary Judgment, and this problem pertained to plaintiff's Key witness.

For many weeks now, the plaintiff has been exercising due diligence in trying to contact the attorney whom represented him on the Motion to Compel against the R.I.D.O.C. (See Exhibits "B" & "C"), and it was not until the date of 5/2/06, that plaintiff had finally spoken with this witness, (via teleconference), and the witness, (i.e. Dena Paolino-Sarcia), is now producing for the plaintiff an affidavit, and will immediately forward said affidavit to the plaintiff by mail.

The plaintiff is now in a dilemma for time, because the time to respond to defendants motion for Summary Judgment has almost run out, and the plaintiff not only needs the discovery he has requested from the defendants, but the plaintiff also needs the affidavit that is now being produced by his witness, (attorney Dena Paolino-Saccia), so that he can properly defend against Summary Judgment and establish that a genuine issue of material fact exist.

## **LOCAL RULE 39 (C)**

Under Local Rule 39 (C) paragraph (2), it states:

"Upon request by a party, the Court, in its discretion, may extend any time limits established pursuant to paragraph (c) (1) of this Rule. In determining whether to extend such time limits, the Court may Consider:

(A) Whether the party has adequately explained the purposes of which the additional time would be used and why the additional evidence or argument to be presented is essential to fairly decide the matter;

(B) Whether the party has effectively and efficiently made full use of the time allocated to that party; and

(C) Any other matters that may be relevant."

Now in regards to Subparagraph (A), the plaintiff submits to the Court that the additional time of 15 (fifteen) days is for the purposes allowing the defendants to comply with the plaintiffs request for discovery, and for the purposes of allowing the plaintiff's witness, (attorney Dena Paolino-Saccia), to mail the plaintiff her affidavit to him, so that the plain- can incorporate this affidavit into his arguments regarding the controverted facts.

Furthermore, in adequately explaining other purposes for which the additional time of 15 (fifteen) days would be used and why the evidence or argument to be presented is essential to fairly decide the matter, the plaintiff would point to Local Rule 56(4) in which, in part, states that

> "Any denied or controverted fact must be supported by <u>Affidavit</u> or other <u>evidentiary materials</u>" (emphasis added)

The plaintiff respectfully submits that the affidavit of his witness, attorney Dena Paolino-Sarcia, is essential to supporting the plaintiff's argument regarding a crucial controverted fact within the contested matter.

Moreover, in regards subparagraph (B), the plaintiff would respectfully point to exhibits "<u>A</u>", "<u>B</u>", & "<u>C</u>", (attached), in which said exhibits respectfully demonstrates how the plaintiff has effectively and efficiently made full use of the time allocated to him.

Lastly, under Rule 56(f) of the Federal Rules of Civil Procedure the presiding Judge can deny the prison officials motion for Summary Judgment because the plaintiff cannot get the declarations that he needs before the time limit to respond to a Summary Judgment runs out. However, if the Judge does not deny the motion for Summary Judgment under 56(f), then the plaintiff can respectfully ask for a continuance (more time). [See Harris V. Pate 440 F.2d 315, 318 (7th Cir. 1971)]

## <u>CONCLUSION</u>

The plaintiff respectfully request an extension of time from the Court in the amount of 15 additional days from the time of the expiration of the alloted time limit, from in which the plaintiff had to respond and file his objection to the defendants Motion for Summary Judgment.

For the reasons that have been set forth in this memorandum, and in plaintiff's Affidavit in support of this memorandum, the plaintiff prays that this Court will grant the plaintiff the requested extension

Respectfully Submitted

5/4/2006

Craig C. Price #126556, pro se

Craig C. Price #126556, pro se
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida, 33955

***CERTIFICATION***

I hereby certify that on the 4th day of May, 2006, I sent a true copy of the within document by first Class Mail postage to the defendants attorney Patricia Coyne-Fague #5198, at 40 Howard Avenue, Cranston, Rhode Island, 02920, and to the Clerk of the United States District Court for the District of Rhode Island, at Providence Rhode Island. 02903-1779.

Craig C. Price #126556, pro se

***NOTARIZATION***

Subscribed and sworn to before me at Charlotte Correctional Institution, in Punta Gorda, Florida, on this ________ day of May, 2006.

Craig C. Price, pro se
Plaintiff
5/4/06

Kara Williams
Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
Kara R. Williams
Commission # DD488568
Expires: NOV. 07, 2009
Bonded Thru Atlantic Bonding Co., Inc.

My Commission expires: ________