Exhibit "A"

To: Attorney Patricia Coyne-Fague #5198
Rhode Island D.O.C. Chief Legal Counsel
40 Howard Avenue
Cranston, R.I., 02920

From: Mr. Craig C. Price, #126556
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida, 33955

Re: Price v. Wall, et.al., C.A. 05-389S,
(Written Statement Enumerating the Elements that Must be Proven to Sustain Plaintiff's Claims),
"Interrogatories" & "Production of Documents".

4/4/2006

Peace & Greetings
Dear Attorney Coyne-Fague,

Please find enclosed the above mentioned documents (i.e. Plaintiff's Written Statement Enumerating the Elements That Must be Proven to Sustain Claims; Interrogatories & Production of Documents). Also, if possible, before the pre-trial conference (and if not then during or after it), I would like to discuss the issue of "witnesses", because there are at least a dozen or so witnesses that I would like to examine that are employed by the D.O.C..

Lastly, if possible, I would like to discuss the possibility of "Settlement" because I believe I have a possible resolution that will resolve this matter. Please let me know.

Thank You for your time, effort, and patience into this matter, and I look forward to the resolution of it. Respectfully Yours

Craig C. Price, pro se

Exhibit "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE, pro se
plaintiff,

v.

C.A. No. 05-389 S

ASHBEL T. WALL II, Director, Rhode Island Department of Corrections, JAKE GADSDEN JR. Assistant Director of Rhode Island Department of Corrections, JOSEPH A. DINITTO, Assistant Director of Classification, Rhode Island Department of Corrections.
defendants.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes the plaintiff, *Craig C. Price, Pro se*, in the above entitled matter and in accordance with Rule 34 of the Federal Rules of Civil Procedure, and Local Rule Cv.34, plaintiff requests that Defendants WALL, GADSDEN, and DINITTO, produce for inspection and copying the following documents:

1) Any and all grievances, complaints, communications, or other documents received by, or sent by, Rhode Island prison officials concerning plaintiff's interstate Compact transfer, and any memorandum, investigation files, or any other documents created in response to such documents since January [illegible], up until the present.

2) Any and all classification packages, i.e. any and all information concerning classification on plaintiff, his central record, his Master file, his six part file (regarding classification),

that involve any solicitations or requests of other states, or the Federal Bureau of Prisons, to accept the plaintiff as a prisoner at their correctional facility, via interstate Compact.
Also, any and all responses from other states, or the Federal Bureau of Prisons, concerning such solicitations or requests to exchange, or accept, the plaintiff as a prisoner via interstate compact.

3) Any and all policies, directives, or instructions and memorandums to Rhode Island staff members, or employee(s), (in any capacity whether it may be Classification Counselor, Classification Board Member, Associate Director of Classification, Assistant Director, D.O.C. Legal Counsel, etc...), concerning the plaintiff being sent Out-of-State to another prison, or accepted to another correctional facility Out-of-State.

4) Any and all policies, directives, or instructions to Rhode Island Department of Corrections Staff or employee(s), or Florida Department of Corrections Staff or employee(s), (in any capacity whether it may be classification counselor(s), classification officer(s), classification board member(s), Associate Director of Classification, Assistant Director, Director, Legal Counsel for the R.I.D.O.C., etc..., for both the Rhode Island Department of Corrections and Florida Department of Corrections), concerning plaintiff being sent Out-of-State from Rhode Island, or accepted as a prisoner into the Florida Department of Corrections.

5) Any and all classification minutes, notes, and any and all transcribed records or and reports, (whether taped, written, and or typed), concern-

ing any and all classification hearings involving the plaintiff since January, 2004, up until the present.

6.) Any and all Florida State Prison, and Charlotte Correctional Institution classification minutes, notes, and transcribed records, and reports, (whether written, taped, and or typed), sent by Florida Department of Corrections Officials, that concern any and all classification hearings pertaining to the plaintiff since December, 2004, up until the present.

7.) Any and all Rhode Island Contracts, or Compacts, concerning or involving the plaintiff being sent to an Out-of-State Correctional facility.

8.) Any and all contracts, or compacts, involving the State of Florida, concerning or involving the plaintiff being sent to an Out-of-State prison from the state of Rhode Island and being housed in a correctional facility in Florida.

9.) Any and all documents created by any Florida Department of Corrections member or employee, or any employee of the state of Florida, from January 2004, up until the present, concerning or involving the plaintiff, and is not included in items 1) thru 8) of this request for production of documents.

4/2/2006

Craig C. Price #126556, pro se

Craig C. Price #126556, pro se
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida, 33955

# ***CERTIFICATION***

I hereby certify that on the 4 day of April, 2006, I sent a true copy of the within document by first class mail postage to the Defendants Attorney Patricia A. Coyne-Fague #5198 at 40 Howard Avenue, Cranston, R.I., 02920.

Craig C. Price #126556, pro se

Craig C. Price #126556, pro se
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida, 33955

Exhibit "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE, pro se
plaintiff,

v.

C.A. No. 05-389 S

ASHBEL T. WALL II, Director, Rhode Island Department of Corrections, JAKE GADSDEN JR., Assistant Director of Rhode Island Department of Corrections, JOSEPH A. DINITTO, Assistant Director of Classification, Rhode Island Department of Corrections.
defendants.

*
*
*

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Now comes the plaintiff, Craig C. Price, pro se, in the above entitled matter, and in accordance with Rule 33 of the Federal Rules of Civil Procedure, and Local Rule Cv. 33, Plaintiff Requests that Defendants WALL, GADSDEN, and DINITTO, answer the following interrogatories under oath, and that the answers be signed by the person(s) making them and be served on plaintiff within 30 days of service of these interrogatories.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered question.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materializes.

**INTERROGATORIES**

Question #1) Did the defendants forward plaintiff's entire Classification record and file to the Florida Department of Corrections? If Yes, then state Why, and if No, then state why.

Question #2) Did the defendants approve of plaintiff's Close Management Segregation placement within the Florida Department of Corrections? If Yes, then state Why, and if No, then state Why.

Question #3) How frequent does, and has, the Florida Department of Corrections, (herein called FLA.D.O.C.), provide the Rhode Island Department of Corrections, (herein called R.I.D.O.C.), with progress Assessment Reports pertaining to the plaintiff's adjustment, and Close Management Segregation placement and classification within the FLA.D.O.C.?

Question #4) Are the Defendants aware that as a Condition of plaintiff's prison sentence regarding plaintiff's 1997 Criminal Contempt Conviction, that an Order was given by plaintiff's sentencing Court, that the R.I.D.O.C. is to give to the plaintiff the best psychological and psychiatric treatment?

Question #5) Can the R.I.D.O.C. provide the plaintiff with the necessary and requisite rehabilitation and psychological and psychiatric treatment plan, consistent with the conditions of plaintiff's sentence? If Yes, state Why, and if No, then state Why.

Question #6) Did Defendants send plaintiff out-of-State so that the plaintiff could receive the best psychological and psychiatric treatment? If Yes, then state Why, and if No, then state Why.

Question #7) At any time during the plaintiff's incarceration within the custody of the R.I.D.O.C., has any of the Defendants, or any member or employee of the R.I.D.O.C., petition or certify to the Office of the Attorney General for the State of Rhode Island, that the R.I.D.O.C. could not be able to effectively carry out the mandates and responsibilities of plaintiff's sentence, for any reasons, including, (but not limited to), the reasons involving the interest of safety, security, or rehabilitative needs? If Yes, then state why, and if NO, then state Why.

Question #8) What other Out-of-State Correctional facilities did Defendants send Interstate Transfer packages to in regards to accepting plaintiff as a prisoner?

Question #9) When did Defendants decide to send the plaintiff out-of-State, and when did the defendants decide and agree to send the plaintiff to the FLA. D.O.C.?

Question #10) Does a classification decision for a prisoner in the R.I.D.O.C. have to be made upon considering the prisoner's entire Institutional Record? If Yes, then state Why, and if No, then state Why.

Question #11) Has any of the Defendants, or any member or employee of the R.I.D.O.C., discuss or consulted, with any correctional officer as to any opinion or support regarding

any purposal or decision to send the plaintiff to an Out-of-State correctional facility? If Yes, then state the names or Name of the R.I.D.O.C. Correctional Officer, employee, or member, state their position or rank within the R.I.D.O.C., and state what comment, recommendation, or opinion, was said in regards to the plaintiff being transferred from the R.I.D.O.C. to an Out-of-State Correctional facility.

4/2/2006

Craig C. Price, #126556, pro se
Craig C. Price #126556 Pro Se
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida, 33955

***CERTIFICATION***

I hereby certify that on the 4th day of April 2006, I sent a true copy of the within document by first-class mail postage to the Defendants Attorney Patricia A. Coyne Fague #5198 at 40 Howard Avenue, Cranston, R.I., 02920

Craig C. Price #126556 pro se
Craig C. Price 126556 pro se
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida, 33955