UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE *
*
Vs. * C.A. No. 05-389S
*
A.T. WALL, et al. *
*
*

**PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS DISCOVERY REQUESTS**

Now comes the plaintiff, Craig C. Price #126556 pro se, in the above entitled matter, and objects to the defendant's motion for an enlargement of time in which to respond to the plaintiff's discovery requests.

For the reasons argued in the accompanying memorandum of law, the plaintiff respectfully request this honorable Court to deny defendant's motion.

5/16/06

Respectfully Submitted

Craig C. Price #126556 pro se

Craig C. Price #126556 Pro Se
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida, 33955

***CERTIFICATION***

I hereby certify that on the ___ day of May 2006, I sent a true copy of the within document by first class mail to defendant's attorney Patricia A. Coyne-Fague #5198, 40 Howard Avenue Cranston, R.I, 02920.

Craig C. Price #126556

***NOTARIZATION***

I Craig C. Price, pro se, the plaintiff have made the foregoing motion in objection to the defendant's motion for an enlargement of time to respond to plaintiff's discovery requests.

5/16/2006 Craig C. Price

Sworn to before me this 16th day of May, 2006.

Kara Williams
Notary Public

my commission expires: ___

NOTARY PUBLIC-STATE OF FLORIDA
Kara R. Williams
Commission # [illegible]488568
Expires: NOV. 07, 2009
Bonded Thru Atlantic Bonding Co., Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE *
*
VS. * C.A. No. 05-389S
*
A.T. WALL. et al. *
*
*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION**
***TO THE DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME***
**TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS**

Now comes the plaintiff in the above entitled matter, and hereby respectfully request this Honorable Court to deny the defendant's motion for an enlargement of time inwhich to respond to the plaintiff's discovery requests.

In support of plaintiff's objection, the plaintiff respectfully argues that on the date of 5 / 9 /2006, the Honorable Senior U.S. Magistrate Judge Jacob Hagopian, granted the plaintiff's request for an extension of time, allowing the plaintiff to file his objection to defendant's Motion for Summary Judgment on or before the date of May 31st, 2006.

In plaintiff's memorandum and affidavit submitted to the Court in support for his request for an extension of time, the plaintiff argued to the Court that he mailed his request for discovery to the defendants on the date of 4 / 5 /2006, and that one of the key reasons why the plaintiff needed an extension of time, was because the defendants had not provided the plaintiff with the requested discovery plaintiff had submitted to defendants pursuant to Fed. R. Civ. Pro. Rules 33 and 34.

Pursuant to Local Rule of Civil Procedure 39 C(1), the Court accepted the plaintiff's reasons and arguements respectfully submitted for an extension of time, thus in doing so, the Court granted an extension for plaintiff to file his objection to the defendant's Motion for Summary Judgment on or before the date of May 31st, 2006.

However, in the defendant's present motion before the Court, the defendants now seek a continuance of more time to June 26th, 2006, inwhich to assemble the documents the plaintiff has requested, and to formulate the objections which the defendants plan to make to some of the plaintiff's requests. This said request for a continuance sought by defendants clearly conflicts squarely with the deadline and extension the Court has already granted to the plaintiff to file his objection to defendant's Motion for Summary Judgment.

The plaintiff argues that he will not be able to receive the discovery he has requested of defendants (especially the discovery inwhich the defendants are _formulating an objection to_), before the May 31st, 2006, extension and deadline the Court has given the plaintiff expires. Thus the plaintiff conclusively argues that he will be unfairly denied the discovery that would help the plaintiff establish to the court that a genuine issue of material fact exist, should the defendant's Motion for an enlargement of time and a continuance be granted in the manner they have requested to the Court.

Lastly, the plaintiff respectfully argues that the defendants have not made to the Court a good cause shown that would warrant the Court to grant an enlargement of time, or a continuance, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, or District Court Local Rules of Civil Procedure Rules 39(c) and 39.2.

Upon reviewing the defendant's memorandum in support to their motion for an enlargement of time to respond to discovery requests, the plaintiff avers that the defendants have failed to establish any showing of due diligence towards responding to the plaintiff's discovery requests, and have failed to meet the requirements of Local Rules 39(c), (2)(b) and (c), Rule 39.2, and Rule 6(b) of the Fed. Rules to Civ. Pro., thus the relief and enlargement of time should be denied.

Respectfully, all the defendants have simply stated to the Court is that they need more time to assemble "_some_" of the discovery the plaintiff has requested, and that defendant's Counsel seeks "court excusal" for the period between May 31st, 2006, through and including June 12, 2006. The plaintiff contends that such reasons for an enlargement of time, without a sufficient showing of good cause shown, should be rejected by this Court.

## CONCLUSION

The plaintiff contends that the defendants have had enough time to respond to plaintiff's requests for discovery, and that because no good cause has been shown that would warrant an enlargement of time or a continuance, the defendants motion should be denied.

However, the plaintiff would alternatively argue for two possible resolutions to be considered by the Court should the Court be respectfully inclined to grant the defendants an enlargement of time. First, because of the fact that the date in which defendants have requested a continuance does transcends the plaintiff's extension of time that has been granted to him, then pursuant to District Court Local Rule of Civil Procedure, Rule 37, the plaintiff would respectfully ask the Court to Compel the defendants to immediately produce the requested discovery by the plaintiff before the May 31st, 2006 extension plaintiff was granted expires.

Secondly, should the Court respectfully grant the defendant's motion for an enlargement of time to respond to plaintiffs discovery, then again, because of the fact that the date in which defendants have requested for a continuance does transcend the plaintiff's extension of time which was granted to him, then the plaintiff would respectfully ask of the court to deny the defendant's Motion for Summary Judgment, on the grounds that the defendants did not produce the requested discovery by the plaintiff in a reasonable amount of time, in which the plaintiff could fairly defend against defendants Motion for Summary Judgment.

For the foregoing reasons given, the plaintiff objects to the defendant's Motion for an enlargement of time in which to respond to plaintiff's requested discovery, and the plaintiff prays that this honorable Court will either not grant the defendant's Motion, or alternatively grant the alternative resolutions argued by the plaintiff should the Court respectfully grant defendant's Motion for an enlargement of time.

Respectfully Submitted

5 / 16 / 2006

[signature]

Craig C. Price #126556, pro se
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida 33955

***CERTIFICATION***

I hereby certify that on the 16th day of May, 2006, I sent a true copy of the within document by first class mail to defendant's attorney Patricia A. Coune-Fague #5198, 40 Howard, Cranston, R.I., 02920.

Craig C. Price #126556

Craig C. Price, 126556, prose
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida
33955

**NOTARIZATION**

I, Craig C. Price, pro se, the plaintiff have made the foregoing motion and memorandum of support of motion and objection to the defendant's motion for an enlargement of time to respond to plaintiff's discovery requests.

5/16/2006

____________________

Sworn to before me this 16th day of May, 2006.

NOTARY PUBLIC-STATE OF FLORIDA
Kara R. Williams
Commission # DD488568
Expires: NOV. 07, 2009
Bonded Thru Atlantic Bonding Co., Inc.

my commission expires ____________ Kara Williams
Notary Public