UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE

VS. * C.A. No: 05-389S

A.T. WALL et. al.

**SUPPLEMENTAL**
***AFFIDAVIT IN SUPPORT OF***
**PLAINTIFF'S MEMORANDUM OF LAW AND**
***OBJECTION TO THE DEFENDANTS***
**MOTION FOR SUMMARY JUDGMENT**

Now comes the plaintiff [signature], pro se, in the in the above captioned matter, and pursuant to Rule 56 (a)(3), and 56 (b) and 56 (e) of the U.S. District Court Local Rules, and Federal Rules of Civil Procedure, make the following affidavit supplementing plaintiff's previous affidavit filed on May 30th, 2006, (with attached exhibits), in support of plaintiffs memorandum of Law in support to Objection to the defendants motion for Summary Judgment.

I, [signature], declare under penalty of perjury:

1.) That on the date of 6-5-06, I received the defendants response to plaintiff's discovery request made pursuant to Rules 33 and 34 of U.S. District Court Local Rules, and that said discovery request was not complied with in full.

2.) That defendants had only responded to (3) "Three" of the plaintiff's request of documents, and objected to (6) "Six" of the Nine request of documents made by plaintiff.

3) That one of the documents requested by plaintiff and produced by defendants, is a August 25, 2004, letter from a Virginia State Interstate Corrections Compact Coordinator Terry Glenn, and said letter reveals that the defendant Joseph A. DiNitto did forward information to the Virginia D.O.C. that plaintiff was a "RECRUITER" for a GANG. The plaintiff is NOT in a GANG NOR is

the plaintiff any "RECRUITER" for a GANG. Infact, said document supports plaintiff's contention that the defendants, (in particular defendant DiNitto), intentionally forwarded "MISINFORMATION" regarding plaintiff to various Out-of-State correctional facilities. (SEE exhibit "A" attached).

4) The plaintiff has never been disciplined, designated, or ever been given any Notice, (whatsoever), that he was considered a GANG MEMBER, GANG LEADER, or a GANG RECRUITER, his entire time incarcerated in the R.I.D.O.C..

5) That on the date of 6-6-06, I received the affidavit of attorney Dena Paolino-Sarcia, and that said affidavit had been Returned to attorney Paolino-Sarcia by Florida D.O.C. officials because of a wrong address "mix-up". (SEE exhibit "B" attached).

6) That upon reviewing plaintiff's Interrogatories that the defendant's answered, (partially), the defendant's alleged reason as to why the plaintiff was "sent-out-of-State" is in extreme and direct conflict with the sworn testimony of Dena Paolino's-Sarcia's affidavit, (See exhibit "C" Defendant's Response to plaintiff's Interrogatories, and review defendant's response to Interrogatory "#6" on pg. 2, and then Review Dena Paolino-Sarcia's affidavit pgs. 1 and 2, paragraphs #5, #6, #7, #8, #9, #13, #14, #16).

7) The plaintiff has "NEVER" (not once, nor even considered the thought), to seek out-of-state placement, because of the wide spread knowledge of plaintiff's past juvenile crimes amongst the inmate population. Infact, because of the unfortunate reality and fact that plaintiff grew up as a child in the prison systems of Rhode Island, the plaintiff has many, many, friends, and plaintiff is a far, far cry away from the need of PROTECTION by going out-of-state.

8) That the plaintiff received the Courts Order from 6/6/06, inwhich the Court *sua sponte* extended the time inwhich plaintiff could file his objection to defendants Motion for Summary Judgment. Said extension gave plaintiff until 6/14/06, and even though plaintiff had filed his objection to defendants Motion for Summary Judgment on 5/30/06, plaintiff did so without the Knowledge of the Courts 6/6/06 *sua sponte* ORDER inwhich plaintiff did not receive until the date of 6/8/06. The plaintiff then filed a Supplemental Affidavit in Support to the plaintiffs Objection to defendants Motion for Summary Judgment.

Under penalties of perjury I declare that the foregoing affidavit and the facts stated within are true and correct.

: [signature]

Craig C. Price pro se 126556
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida, 33955

**CERTIFICATION**

I hereby certify that a true copy of the within document (along with exhibits), was sent by first class mail to the defendants and sent to defendant's attorney Patricia Coyne-Fague #5198, at 40 Howard Avenue, Cranston, R.I., 02920, and to the Clerk of the U.S. District Court for district of R.I..

6 / 13 / 2006 [signature]

**NOTARIZATION**

Subscribed and Sworn to before me at the Charlotte Correctional Institution, in Punta Gorda, Florida, on this 13th day of June, 2006.

NOTARY PUBLIC-STATE OF FLORIDA
Kara R. Williams
Commission # DD488568
Expires: NOV. 07, 2009
Bonded Thru Atlantic Bonding Co., Inc.

: __/__/____

[signature] Notary Public

[signature] Plaintiff