Exhibit "B"

Dena Paolino-Sarcia
Attorney at Law

P.O. BOX 7182 ••CUMBERLAND, RHODE ISLAND 02864
TEL. (401) 334-6012 ••FAX (401) 334-2921
MOBILE (617) 201-1868

# AFFIDAVIT OF DENA PAOLINO-SARCIA, ESQUIRE

I, Dena Paolino-Sarcia, a licensed attorney in the State of Rhode Island and Commonwealth of Massachusetts, being duly sworn, do depose and state that the following information is truthful and accurate, to the best of my knowledge and ability:

1. That in 2003 I was retained by plaintiff, Craig Price to seek the enforcement of a 1997 court order of Chief Justice Albert DeRobbio which ordered the Department of Correction to provide Mr. Price with "the best psychological and psychiatric treatment available";
2. That I filed a "Motion to Compel" the Department of Corrections to comply with said order;
3. That, subsequent thereto, I participated in numerous conferences with Chief Judge DeRobbio, Department of Corrections' attorney Patricia Coyne-Fague and Assistant Attorney General Patrick Youngs in regards to said motion;
4. That eventually the Department of Corrections conceded that Mr. Price would never be able to receive the "objective [mental health] treatment" recommended by DOC psychologist Alan B. Feinstein in his May 26, 2004 report if he remained in the state of Rhode Island;
5. That the Department agreed to transfer Mr. Price out of state so that he may be afforded "the best psychological and psychiatric treatment" as previously ordered by Chief Judge DeRobbio;
6. That based upon this assurance by the Department of Corrections, Mr. Price agreed to withdraw his Motion to Compel, without prejudice;
7. That being innately skeptical of the DOC's sincerity, I prepared and mailed a letter to attorney Patricia Coyne-Fague memorializing this agreement, underscoring the ***reason*** for the transfer and the importance of this being conveyed to the receiving state. A copy of said letter is attached hereto;
8. That the letter to attorney Coyne-Fague, dated June 11, 2004 reiterated the "impetus to transfer Craig out of state was the DOC's realization that, due to various factors, it would be unable to provide him with the requisite and necessary treatment";
9. That the letter further emphasized the transfer was agreed to "so that Craig may receive the most effective rehabilitation";
10. That the letter also stressed it was "critical that the receiving state be made aware of the reason for the transfer";

Exhibit "B"

Dena Paolino-Sarcia
Attorney at Law

P.O. BOX 7182 ••CUMBERLAND, RHODE ISLAND 02864
TEL. (401) 334-6012 ••FAX (401) 334-2921
MOBILE (617) 201-1868

11. That subsequent to his transfer to Florida, I received information from Craig that he had been placed in "closed management" segregation;
12. That in response, I contacted Florida prison officials and attempted to understand why Florida had classified Craig in such capacity which was clearly counter-productive to the reason he was transferred out of state;
13. That upon speaking with several individuals, including Florida's classification agent Lyn Garst, I was told that Florida had never received information from Rhode Island that Craig had agreed to an out of state transfer to afford him the opportunity to receive rehabilitative treatment which is unavailable to him in Rhode Island;
14. That I was further informed by Florida, I believe it was Lyn Garst, that Florida understood the transfer to be "quasi-voluntary" because of his "discipline history and assault on a correctional officer";
15. That I faxed to Florida documentation to prove otherwise, but it was apparently disregarded.
16. That I spoke with Rhode Island officials, specifically Patricia Coyne-Fague and requested that she clarify with Florida the reason for the transfer but she refused to comply with my request;

Dena Paolino-Sarcia
Dena Paolino-Sarcia, Esq.

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, RI, in said County, on the 5th day of May AD, to me known and known by me to be the person executing the foregoing instrument, and she acknowledged the same to be her free act and deed.

Dana Harrell
Notary Public
Comm. Exp. 1/23/09