Exhibit "C"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CRAIG C. PRICE** :
:
**vs.** : **C.A. No.: 05-389S**
:
**A.T. WALL, et al.** :

Defendants' Answers to Interrogatories

Now come Defendants, by and through their attorney and hereby answer the Plaintiff's Interrogatories. Plaintiff's question is recited verbatim prior to Defendants' response.

1. Did the defendants forward plaintiff's entire classification records and file to the Florida Department of Corrections? If yes, then state why, and if no, then state why.

 **RESPONSE:** Yes, as required by the Intergovernmental agreement for the implementation of the interstate corrections compact.

2. Did the defendants approve of plaintiff's Close Management Segregation placement within the Florida Department of Corrections? If yes, then state why, and if no, then state why.

 **RESPONSE:** The Rhode Island Department of Corrections does not approve or disapprove of the placement of a Rhode Island inmate within another state's facility, until and unless the facility wishes to place the inmate in a security that is lower than Medium (e.g., Minimum, work release, etc.).

3. How frequent does, and has, the Florida Department of Corrections (herein called FLA D.O.C.) provide the Rhode Island Department of Corrections (herein called R.I.D.O.C.) with progress assessment reports pertaining to the plaintiff's adjustment and close management segregation placement and classification within the FLA D.O.C.?

 **RESPONSE:** The Rhode Island Department of Corrections requests a monthly report from the Florida Department of Corrections relative to discipline and work, for the purposes of good time calculation. Every six months, RIDOC requests a full progress report from the Florida Department of Corrections.

4. Are the Defendants aware that as a condition of plaintiff's prison sentence regarding plaintiff's 1997 Criminal contempt conviction that an order was given by plaintiff's sentencing court, that the RIDOC is to give to the plaintiff the best psychological and psychiatric treatment?

<u>**RESPONSE:**</u> I was aware that the sentencing judge stated that the Department of Corrections is to provide "the best psychological and psychiatric treatment that is available to the Department."

5. Can the RIDOC provide the plaintiff with the necessary and requisite rehabilitation and psychological and psychiatric treatment plan, consistent with the conditions of plaintiff's sentence? If yes, state why, and if no, state why.

<u>**RESPONSE**</u>: Objection as to form; the order referenced in #4 does not state anything about "rehabilitation." Without waiving said objection, Defendants state that Plaintiff had access to any and all necessary and available psychological or psychiatric treatment that the Department could provide, consistent with his security classification.

6. Did Defendants send plaintiff out of state so that the plaintiff could receive the best psychological and psychiatric treatment? If yes, then state why, and if no, then state why.

<u>**RESPONSE:**</u> Plaintiff voluntarily sought a transfer, and the Department of Corrections agreed to seek one for him, in order to give him the opportunity to "move through the system," and avail himself of rehabilitative programming, that he did not have in the Rhode Island system due to his notoriety and the widespread knowledge among the inmate population of his crimes.

7. At any time during the plaintiff's incarceration within the custody of the RIDOC, has any of the Defendants, or any member or employee of the RIDOC, petition or certify to the Office of the Attorney General for the State of Rhode Island, that the RIDOC could not be able to effectively carry out the mandates and responsibilities of plaintiff's sentence, for any reasons, including, (but not limited to) the reasons involving the interest of safety, security, or rehabilitative needs? If yes, then state why, and if No, then state why.

<u>**RESPONSE:**</u> Objection as to form; objection as to relevance. Without waiving objection, Defendants answer that at no time did they personally contact the Attorney General's office regarding the mandates and responsibilities of plaintiff's sentence.

8. What other out-of-state correctional facilities did Defendants send Interstate Transfer packages to in regards to accepting plaintiff as a prisoner?

**RESPONSE:** An interstate transfer package for the plaintiff was sent to the correctional systems for: Virginia, Colorado, the Federal Bureau of Prisons, Arkansas, Oregon, South Carolina, Ohio, New Jersey, Illinois, New Mexico, Pennsylvania, Florida and Washington.

9. When did Defendants decide to send the plaintiff out of state, and when did the defendants decide and agree to send the plaintiff to the FLA DOC?

**RESPONSE:** Objection as to form; Without waiving objection, Defendant Wall states that the decision to send plaintiff out of state was made at some point between February and May, 2004. The decision to send plaintiff to Florida was made in August, 2004.

10. Does a classification decision for a prisoner in the RIDOC have to be made upon considering the prisoner's entire Institutional Records? If yes, then state why, and if no, then state why.

**RESPONSE:** Yes. Because the inmate's entire institutional record is relevant to a classification decision.

11. Has any of the Defendants, or any member of employee of the RIDOC discuss or consulted with any correctional officer as to any opinion or support regarding any purposal (sic) or decision to send the plaintiff to an out-of-state correctional facility? If yes, then state the names or name of the RIDOC correctional officer, employee, or member, state their position or rank within the RIDOC, and state what comment, recommendation, or opinion, was said in regards to the plaintiff being transferred from the RIDOC to an out-of-state correctional facility.

**RESPONSE**: Objection as to form; Objection as to relevance; Request is vague and overly broad, and not calculated to lead to the discovery of relevant evidence.

As to answers # 1-11: A.T. Wall, II
Defendant A.T. Wall, II

As to answers #1-11 Jake Gadsden
Defendant Jake Gadsden

As to answers #1,2,3,5,6,7,8,10,11: Joseph DiNitto
Defendant Joseph DiNitto

As to Objections:

Patricia A. Coyne-Fague #5198
40 Howard Avenue
Cranston, RI 02920
401-462-0145/401-462-2583 *fax*

**Certification**

I hereby certify that on the 20th day of May 2006 I sent a true copy of the within document by first-class mail postage pre-paid to: Craig C. Price, Charlotte Correctional Institution 33123 Oil Well Road Punta Gorda, Florida 33655.