UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE

vs. C.A. No. 05-389 S

A. T. WALL II, et al

**MOTION FOR EXTENSION OF TIME AND/OR CONTINUANCE**

Now comes the plaintiff Craig C. Price, pro se, in the above entitled matter, and moves in this honorable Court pursuant to Local Rule of Civil Procedure Rule 39 C (2), and respectfully request for an extension of time consisting of an additional (10) days, to file his objection, and memorandum of Law In Support of Objection, along with exhibits, to the Report and Recommendation of Magistrate Judge Jacob Hagopain, pursuant to Fed. R. Civ. P. 72(b) and 72(d) of the L.R. Cv.

For the good cause shown in the plaintiff's attached memorandum of Law In Support to this motion, along with the attached Affidavit In Support to this motion, the plaintiff prays that the requested extension of time will be respectfully granted.

10/12/2006

Respectfully Submitted

Craig C. Price
Craig C. Price pro se 126556
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida 33955

**CERTIFICATION**

I hereby certify that on the 12th day of October, 2006, I sent a true copy of the within document by U.S. Mail to defendant's attorney Patricia Coyne-Fague #5198, at 40 Howard Avenue, Cranston, R.I., 02920, and to the Clerk at the U.S. District Court at the Clerk's Office at Providence R.I. 02903-1779

Craig C. Price pro se

**NOTARIZATION**

Subscribed and Sworn to before me at the Charlotte Correctional Institution in Punta Gorda, Florida, on this 12th day of October 2006.

Craig C. Price
plaintiff pro se

Kara Williams
Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
Kara R. Williams
Commission # DD488568
Expires: NOV. 07, 2009
Bonded Thru Atlantic Bonding Co., Inc.

page 1 of 1.

NOTARY PUBLIC-STATE OF FLORIDA
Kara R. Williams
Commission # DD488568
Expires: NOV 07, 2009
Bonded Thru Atlantic Bonding Co., Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE

VS.

ASHBEL T. WALL II etal

C.A.NO. 05-389 S

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION/CONTINUANCE OF TIME**

Now comes the plaintiff in the above entitled matter, and pursuant to Local Rule 39 (C)(2), the plaintiff respectfully moves in this honorable court for an extension of time. For the reasons set-forth below within this memorandum, the plaintiff prays that this court will grant an extension in the amount of Seven (7) days.

**FACTS AND TRAVELS**

On the date of October 2nd, 2006, the plaintiff came into receipt of a Report and Recommendation from Senior United States Magistrate Judge Jacob Hagopain. The said Report and Recommendation consisted of a recommendation to grant a Motion for Summary Judgment that the defendant's had filed pursuant to Rule 56 of the Fed. R. Civ. P.

The plaintiff, pursuant to Fed. R. Civ. P. 72 (b), and LR CV. 72 (d), has now moved to Object to the findings and recommendation of the Report and Recommendation, but in his preparation of doing so, the plaintiff has encountered several significant problems that have a crucial impact upon the Ten (10) day time limit that is allotted to the plaintiff regarding any submittance of an Objection to the Magistrate's Report and Recommendation.

The plaintiff is in need of more time to prepare and process his objection to the Report and Recommendation, and because of the significant problems encountering him, the plaintiff now relies upon Local Rule 39(C) and for the Court to exercise its discretion to grant an extension of Time for the good cause to do so upon the plaintiff's showing.

**LOCAL RULE 39 (C)**

Under Local Rule 39 (C) paragraph (2) states, it states:

"Upon request by a party, the Court, in its discretion may extend any time limits established pursuant to paragraph (C)(1) of this Rule. In determining whether to extend such time limits, the Court may Consider:

(A.) Whether the party has adequately explained the purposes of which the additional time would be used and why the additional evidence or argument to be presented is essential to fairly decide the matter

(B.) Whether the party has effectively and efficiently made full use of the time allocated to that party; and

(C.) Any other matters that may be relevant."

## ** Descriptions of Problems facing **
## ** The Plaintiff **

Now in regards to subparagraph (A) to LR 39(c)(2), the plaintiff submits to the Court that the additional time of Seven (7) days is for the purposes of allowing the plaintiff to process his objection and prepare it in an adequate manner. The plaintiff, (as attested to in his affidavit attached to this memorandum), is a prisoner at Charlotte C.I. in Florida D.O.C., that is housed in a Segregation Unit and is on a Restricted Close Management Segregative Status.

This fact of plaintiff's situation and circumstances makes it very hard for the plaintiff to be able to prepare his objection and memorandum because the plaintiff has limited access to the inmate Law Clerk. The plaintiff, is only allowed to see the inmate law Clerk maybe "once" or "twice" a week if he is fortunate enough, and the plaintiff is wholly dependant upon this law Clerk to assist him with, providing case Law, research, Legal supplies, and to make copies. Oft times, request of these types takes anywhere from "5" to "10" for the Law Clerk to answer and process, so with the plaintiff having a 10 day limit to file his objection and Memorandum, there is conflicting and burdensome time pressures that are in the disfavor of the plaintiff if the plaintiff is to adequately and appropriately prepare his objection and memorandum of Law. The plaintiff deems that an additional Seven (7) days would be enough time to effectively counter any delays the plaintiff would encounter upon processing and preparing his objection and memorandum while confined in Segregation.

Additionally, (as attested to in plaintiff's attached memorandum's affidavit, in particular Exhibit "A"), the plaintiff is indigent right at the present, [redacted] and currently has the balance of \$0.07 in his account. The plaintiff cannot afford the necessary postage needed to mail out to the Court, and to defendant's attorney, his objection and memorandum to the Report and Recommendation.

However, the plaintiff has reached out to family for funds, and primarily the plaintiff has asked prison officials to assist him in his indigency concerning mailing out documents to the court. The plaintiff is still awaiting a response from the prison officials in regards to this effort to secure the necessary postage.

Now in regards to Subparagraph (B) to LR 30(c), the plaintiff, for what it is worth, can demonstrate a small gesture of evidence that illustrates that the plaintiff has been using what time he has already had tolled, in a productive and efficient manner. The plaintiff points to his Exhibit "B" attached to his affidavit. Thus, the plaintiff has not been spending his time idle, and is preparing his objection, and his Memorandum of Law In Support to his Objection to the best of his ability, and the most speedily as he can under his particular circumstances and situation.

****CONCLUSION****

The plaintiff respectfully request an extension of time from the Court in the amount of Seven (7) additional days from the time of the expiration of the alloted time limit from inwhich the plaintiff had to respond pursuant to Fed.R.Civ.P. 72(b) and LR Cv72(d), to file his Objection and Memorandum of Law In Support Of Objection.

For the reasons that have been set-forth in this Memorandum, and in the accompanying affidavit, the plaintiff prays that this honorable Court will grant the plaintiff's requested extension.

10/12/2006

Respectfully Submitted

[signature]

Cezar C. Perez, Pro Se, 126556
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida, 33955

****CERTIFICATION****

I hereby certify that on the 12th day of October, 2006, I sent a true copy of the within document to defendant's attorney Patricia A. Coyne-Fague, by U.S. Mail, at 40 Howard Avenue, Cranston, R.I., 02920, and to the United States District Court Clerk, by U.S. Mail, at the Clerk's Office at Providence, Rhode Island, 02903-1779.

*****Notarization*****

Subscribed and Sworn to before me at Charlotte Correctional Institution, in Punta Gorda, Florida, on this 12th day of October, 2006.

[signature]
plaintiff/prose

[signature]
Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
Kara R. Williams
Commission # DD488568
Expires: NOV. 07, 2009
Bonded Thru Atlantic Bonding Co., Inc.