FILED
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE
Vs. C.A. No. 05-389S
A.T. WALL, et. al

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS OBJECTION TO REPORT AND RECOMMENDATION

Now comes the plaintiff, Craig C. Price, pro se, in the above-entitled matter, and pursuant to Local Rule 72(d)(3) and for the reasons argued in the accompanying memorandum of Law, hereby submit that the Magistrate's Report and Recommendation issued on September 26, 2006, granting the defendant's Motion for Summary Judgment should not be adopted, and plaintiff's Objection should respectfully be sustained.

Respectfully Submitted

11/14/2006

[signature] pro se #126556
Craig C. Price pro se #126556
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, Florida, 33955

*** CERTIFICATION ***

I hereby certify that on the 16th day of November, 2006, I sent a true copy of the within document to defendant's attorney Patricia A. Coyne Fague #5198, by U.S. Mail, and I sent the original with copies to the Clerk's Office at the U.S. District Court for the District of Rhode Island.

[signature] pro se #126556

***NOTARIZATION***

Subscribed and Sworn to before me at Charlotte Correctional Institution in Punta Gorda, Florida, on this ____ day of ______________, 2006.

____________________
plaintiff pro se

____________________
Notary Public

NOV 22 2006
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRAIG C. PRICE

VS. C.A. No. 05-389S

A. T. WALL et. al

MEMORANDUM IN SUPPORT OF PLAINTIFFS REPLY TO DEFENDANTS RESPONSE TO PLAINTIFFS OBJECTION TO REPORT AND RECOMMENDATION

Now comes the plaintiff, pro se, in the above-entitled matter, and pursuant to Local Rule 72 (d) (3) the plaintiff hereby replies to defendant's Response to plaintiff's objection.

The plaintiff respectfully submits that the Magistrate's Report and Recommendation issued on Sept. 26th, 2006, inwhich recommended the granting of defendant's Motion for Summary Judgment, should not be adopted by this honorable court.

In support of plaintiff's reply to defendant's Response to plaintiff's objection, the plaintiff argues that genuine issues exist within the instant case, and that the pertinent case law and the pertinent material facts within the instant case regarding plaintiff's retaliation claims, respectfully makes the granting of Summary Judgment pursuant to Rule 56 of the Fed. R. Civ. P. inappropriate.

The plaintiff specifically replies to the defendant's Response inwhich the defendants contend that plaintiff's arguments within his objection to the Report and Recommendation are "*conclusory at best, and do nothing to change the pertinent case law regarding retaliation claims or inmate classification.*" (See Defendant's Memo. In Support of Response to plaintiff's objection to Report and Recommendation page 1.).

The plaintiff first submits to the Court that his arguments within his objection cannot be characterized or considered "conclusory at best," because the plaintiff has

has indeed produced adequate and sufficient evidence that not only supports his retaliation claims, but is certainly compatible with the pertinent case law regarding retaliation claims.

The plaintiff has sufficiently demonstrated that he "(1) engaged in protected conduct; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that there is a causal connection between (1) and (2) and that the adverse action was motivated at least in part by the plaintiff's protected conduct." (See Thaddeus-X vs. Blatter 175 F.3d 394)

The plaintiff has also sufficiently demonstrated that he he has satisfied the substantial burden in "attempting to prove that the actual motivating factor for his transfer was as he alleged, and that he would not have been transferred "but for" the alleged reason." (See McDonald Vs. Hall 610 F.2d 18)

Furthermore, the plaintiff respectfully submits for further consideration by the Court, the argument that this adverse action (along with its consequences) committed by the defendants, is an adverse action that the plaintiff has not only allegedly suffered from, but an adverse action that has a potential to perpetually subject the plaintiff to sustained suffering.

The plaintiff avers this, because the plaintiff's Court Order for psychiatric and psychological treatment is still a valid Court order, that still exist, and still can be enforced by compelling the defendants to comply. Thus, if the plaintiff were to again exercise his First Amendment right and file another Motion to Compel against the defendants because the defendants have transferred the plaintiff to a correctional facility that cannot provide the Court ordered treatment, then the plaintiff would pose the reasonable question of: "How much more or longer, or even what kind of type of suffering will the plaintiff be subjected to further endure, for engaging in any further protected legal conduct?"

Respectfully, the plaintiff would implore the court to consider this contention by the plaintiff, because when one considers the alleged adverse action suffered by the plaintiff thus far, logic stands that it would be a completely reasonable assertion for one to conclude that any such further exercising of the First Amendment Right, (such as filing another Motion to Compel), is legal conduct that could indeed be conduct that would *deter a person of ordinary firmness from continuing to engage in that conduct.*

***CONCLUSION***

For all of the reasons the Plaintiff has argued within his Memorandum of Law Supporting his objection to the Magistrates Report and Recommendation, the plaintiff respectfully ask the District Court to sustain his objection and not adopt the magistrates Report and Recommendation.

11/ 14 /2006

Respectfully Submitted

Craig C. Price pro se

Craig C. Price, pro se, #26556
Charlotte Correctional Institution
33123 Oil Well Road
Punta, Gorda Florida, 33955

CERTIFICATION

I hereby certify that on the 16th day of November 2006, I sent a true copy of the within document to defendant's attorney Patricia A. Coyne Fague #5198, by U.S. Mail, and I sent the original with copies to the Clerk's Office at the U.S. District Court for the District of R.I. in Providence, R.I. 02903-1779.

Craig C. Price

NOTARIZATION

Subscribed and Sworn to before me at Charlotte Correctional Institution in Punta Gorda, Florida, 33955, on this ________ day of ________________ 2006.

________________________
plaintiff pro se

________________________
Notary Public